THE WELLFLEET SAVINGS BANK *vs.* HAROLD I. SWIFT.

Barnstable. November 5, 1959. — December 10, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Mortgage*, Of real estate: what is secured, improvement loan. *Words*, "At any one time."

The phrase in G. L. c. 183, § 28A, "at any one time," as applied to a so called "clause 10" loan made by a savings bank, a mortgagee of certain real estate, to the mortgagor under c. 168, § 35 (10), subsequent to the giving of the mortgage, does not refer to any time after a conveyance of the mortgaged premises by the mortgagor; and evidence showing only the balances respectively due on the mortgage loan and on the "clause 10" loan at a time after such a conveyance did not support a finding, necessary under § 28A to bring the "clause 10" loan within the coverage of the mortgage, that the total of such balances "at any one time" did not exceed the amount originally secured by the mortgage.

BILL IN EQUITY, filed in the Superior Court on September 5, 1958.

The suit was heard by *Smith*, J.

*Prince H. Hurd, Jr.,* for the defendant.

No argument nor brief for the plaintiff.

SPALDING, J. This is a bill in equity (by reason of the soldiers' and sailors' civil relief act) for authority to foreclose a mortgage. The case was submitted on agreed facts, on the basis of which the judge made findings and an order for decree authorizing foreclosure. From a decree in accordance with this order the defendant appealed.

On March 31, 1953, William H. and Eileen R. Knowles obtained a loan from the plaintiff in the amount of $5,300 and gave to it their note in this amount secured by a mortgage on a parcel of real estate in Eastham, which was duly recorded. On September 15, 1955, the mortgagors borrowed $1,000 from the plaintiff and gave to it their note in that amount. The note was a so called clause 10 note under G. L. c. 168, § 35.[1] On July 25, 1956, the mortgagors conveyed the mortgaged property to the defendant, who took it "[s]ubject to a first mortgage in favor of [the plaintiff]." The defendant was unaware of the existence of the above mentioned clause 10 note for $1,000. At the time of the hearing (November 17, 1958) there was due to the plaintiff on the original mortgage the sum of $3,770.52 and on the clause 10 note, $636.19. The defendant admitted liability to the plaintiff in the amount of $3,770.52 but denied liability for the balance due on the clause 10 note. The defendant "has made payments [to the plaintiff on the mortgage note]" and we infer that as to this note there has been no default. The defendant, however, has made no payments on the clause 10 note. It would appear that the sole basis for the foreclosure is the failure of the defendant

---

[1] It is provided in G. L. c. 168, § 35 (10) (formerly § 54, Tenth A), that a savings bank may make or acquire "A loan to the owner of improved real estate, upon which such corporation holds a mortgage, for the purpose of financing the improvement, repair, alteration or rehabilitation of such real estate or the purchase and installation of fixtures to be affixed thereto. Such loan shall not exceed one thousand five hundred dollars, exclusive of interest or discount from the date of the note, with respect to any one parcel of such real estate. The loan shall be payable not more than five years from the date of the note, but the note or mortgage shall provide that in any event it shall become due and payable simultaneously with the transfer of the mortgaged premises or with the payment of the balance due on the mortgage."

to pay this note, for the parties have stipulated that the "sole issue . . . is the liability of . . . [the defendant on the clause 10] note, and whether or not it is covered by the mortgage."

The judge found that the defendant was in default under the mortgage by reason of not having paid the amounts due on the clause 10 note and in reaching this conclusion he drew certain inferences. He concluded that the admission by the defendant of liability for the amount remaining due on the mortgage note was in legal effect an admission that he had assumed and agreed to pay it, and this conclusion is not challenged. The judge inferred that the note for $1,000 was a loan under G. L. c. 168, § 35 (10), although other than the fact that the words "Clause 10thA" appeared in the note and the language of the note conformed to the requirements of clause 10 in other respects, there was no evidence indicating that the loan was for the purposes (improvement, repairs, etc.) set forth in clause 10. But the correctness of this inference has not been challenged and we do not pause to consider it. The judge found, however, that "at no one time did the aggregate amount outstanding and owed by the Knowles, when added to the balance due on the original indebtedness, exceed the original amount of the mortgage." The correctness of this finding is assailed by the defendant.

General Laws c. 183, § 28A, reads, in part, "Any sum or sums which shall be loaned by the mortgagee to the mortgagor at any time after the recording of any mortgage of real estate, to be expended for paying for repairs or replacements to, or for taxes or other municipal liens, charges or assessments on, the mortgaged premises, shall be equally secured with and have the same priority as the original indebtedness, to the *extent that the aggregate amount outstanding at any one time when added to the balance due on the original indebtedness shall not exceed the amount originally secured by the mortgage*" (emphasis supplied).

The defendant argues that § 28A does not operate to bring the clause 10 loan here within the security of the original mortgage. Such a loan, it is argued, is secured only if a

mortgage expressly covering the loan is given, which was not the case here. This raises a question of difficulty. Since the plaintiff has filed no brief, we think that a decision on the point, without the benefit of arguments on both sides, ought to be avoided if such a course is possible, as we think it is. We assume, without deciding, that § 28A applies to the clause 10 loan here, but we are of opinion, nevertheless, that the plaintiff cannot prevail.

The precise meaning of the phrase "at any one time" in § 28A is by no means clear. It could refer to the time when the clause 10 note is executed, or to the time when the mortgaged property is conveyed to a third person, or to any time in between. But the case at bar does not present those questions and we do not decide them. All that we are called upon to decide is whether it refers to a time after the mortgaged property has been transferred, for the only evidence of the "aggregate amount outstanding at any one time" related only to a time subsequent to the transfer. There is, therefore, no basis in the record for any inference as to what the aggregate amount was prior to the transfer. What the amount was at a time subsequent thereto is of no materiality and cannot afford the basis for a finding that would satisfy the statute. To hold otherwise would subject a grantee to an additional encumbrance on his property, although such did not exist when he acquired it, since payments made by him thereafter would reduce the amount of the original mortgage indebtedness to a sum which taken with the balance due on the clause 10 note would not exceed the amount originally secured by the mortgage. We cannot believe that the statute intended such a result.

*Decree reversed with costs of appeal.*