## BARKER v. HAMMETT.

[No. 20,507. Filed September 7, 1966.]

*William K. Byrum* and *Fulmer, Burris & Byrum,* of Indianapolis, for appellant.

*Robert S. Smith* and *David A. Steckbeck,* of Indianapolis, for appellee.

PER CURIAM.—On October 18, 1965 the trial court overruled appellant's motion for new trial. A petition for extension of time within which to file transcript and assignment of errors was filed in the office of the Clerk of this Court January 3, 1966 but it was accompanied by no proof that appellee or his counsel had notice of such request for time.

After the ninety-day period within which Rule 2-2, Rules of the Supreme Court, requires the transcript and assignment of errors to be filed, to-wit on January 19, 1966, appellant filed a "Certificate of Service" which indicates that on said January 19, 1966 a copy of the petition for extension of time was sent to opposing counsel.

The then Chief Justice of this Court on January 26, 1966 extended the time to file transcript and assignment of errors to April 4, 1966. A second petition for time was subsequently filed and granted and on April 22, 1966 the transcript and assignment of errors were filed with the Clerk.

However, appellee on February 4, 1966 filed a motion to dismiss or affirm with a brief in support thereof. A second motion to dismiss or affirm was filed by appellee on April 6, 1966 and a third such motion with briefs was filed June 9, 1966, and later appellee requested the consolidation of his motions and an opportunity to argue the same orally. Ruling on the first two motions has been held in abeyance.

In the first motion to dismiss or affirm appellee makes several points as to the failure of the first petition for extension of time, including:

1. That it fails to show that this court has jurisdiction of the appeal.

2. That it fails to show that it is filed in time in that it does not show when the motion for new trial was overruled.

3. That it is founded on claimed matters of fact which are not apparent from the record, to-wit: the inability of the reporter to complete the transcript and that it fails to "be supported by affidavit" as required in such circumstance.

4. That within the period which the rules give this court to extend time for filing transcript and assignment of errors, appellant failed to serve on appellee or his attorneys any notice of the filing of the petition for extension. That no proof of such *notice* was ever filed.

5. That no copy of appellant's petition for extension of time was served on appellee or his counsel prior to the filing of the same.

6. That appellant filed more than ninety (90) days after the trial court overruled appellant's motion for new trial, an unverified certificate of service purportedly certifying service of said petition on counsel for appellee.

Appellee further stated:

"That in fact appellant has not served a copy of said Petition as required by Rule 2-13. That copy of said certificate was received from this Court [Appellate Court] and not the appellant or counsel for the appellant. That, in fact, appellee had no notice or knowledge of the purported appeal until January 27, 1966, when it received notice that this Court [Appellate Court] had granted appellant's petition for extension of time to file transcript and assignment of errors."

It is our opinion that the original motion for extension of time filed in this court January 3, 1966, failed completely to comply with the rules of the Supreme Court. It failed to follow Rule 2-12, Rules of the Supreme Court, in that it did not establish jurisdiction, did not show that it was filed in proper time nor exhibit by record or affidavit the ground on which it was founded. It violated Rule 2-2, *supra*, which requires notice to be given to the adverse parties within the time for filing the assignment of error and transcript. Therefore, this court had no jurisdiction to extend the time, and the transcript and assignment of errors were not timely filed.

The action of a court in granting an extension of time does not foreclose appellee from moving to have the case dismissed for violation of Rule 2-2, *supra*. *Stanton, etc.* v. *Raub* (1963), 244 Ind. 255, 257, 191 N. E. 2d 490.

Our Supreme Court also held in *Brindle* v. *Anglin* (1965), 246 Ind. 601, 208 N. E. 2d 476, 477 that the timely filing of a

transcript and assignment of errors is jurisdictional. It held there that a ruling precedent of that court was violated by the Appellate Court extending the time where the petition was filed 13 days late. Here, under the most liberal interpretation we can give to appellant, her petition was not properly before us until January 19, 1966.

Other serious questions are presented by appellee's motions but because of the matters mentioned they will not be discussed here at any length. However, in appellee's second motion and again in his last motion he has attacked the failure of appellant to name as party-appellees, defendants Scott Warren, John Domi, and Robert Johnson. The record shows that those persons were parties to the verdict of the jury and the final judgment. After the third motion was filed on June 17, 1966 appellant filed a petition to amend the assignment of errors by inserting the three names mentioned. We are of the opinion that after the time for perfecting an appeal has expired the assignment of errors cannot be amended to name an additional party even though the omission may be due to appellant's excusable neglect. *Otolski* v. *Estate of Nowicki* (1959), 129 Ind. App. 492, 494, 495, 158 N. E. 2d 296.

We are required to sustain the motion to dismiss this appeal. The motion for oral argument thereof is denied, appellant's motion to amend the assignment of errors is denied, and the appeal is hereby ordered dismissed at appellant's costs.

Faulconer, J., not participating.

NOTE.—Reported in 219 N. E. 2d 438.