WANKIER AND WANKIER *v.* FREEMAN.

[No. 20,605. Filed November 14, 1967. Rehearing denied December 7, 1967. Transfer denied February 21, 1968.]

*Lewellyn H. Pratt,* of Bloomington, for appellants.

*Willis Hickam, Hickam and Hickam,* of Spencer, and *George M. Tomey,* of Bloomington, for appellee.

CARSON, P. J.—This was an appeal from the Monroe Circuit Court. The action below was instituted by the plaintiff-appellants against the defendant-appellee for damages for the alleged breach of an oral contract to construct a dwelling house.

The issues were formed by the plaintiff's fifth amended complaint, the defendant-appellee's answer in three paragraphs: paragraph 1, being a denial under Rule 1-3; paragraph 2, alleging that the cause of action did not accrue within two years before the commencement of the action and paragraph 3, alleging that the plaintiff-appellants entered into possession of the premises after having had an opportunity to inspect the same and denial of warranty. To the affirmative part of the defendant-appellee's answer, the plaintiff-appellants filed a reply in denial under Rule 1-3. The plaintiff-appellants also filed a demurrer to the second paragraph of defendant-appellee's answer setting up the two-year statute of limitations, which demurrer was sustained by the court.

The case was tried by jury which returned a verdict for the defendant upon the sustaining of the defendant-appellee's motion for a directed verdict.

Before considering the specifications of the motion for a new trial and the court's ruling thereon, we first point out that the court, in sustaining the defendant-appellee's motion for a directed verdict, was required to consider the evidence most favorable to the plaintiff-appellants and all inferences to be drawn in favor of the plaintiff-appellants from such evidence and against the defendant-appellee. In sustaining the defendant-appellee's motion for a

directed verdict, the court was therefore weighing all of the evidence most favorable to the plaintiff-appellants and against the defendant-appellee. The jury returned a verdict in the form directed by the court. The plaintiff-appellants filed a motion for a new trial containing two main specifications. The first reading as follows:

"1. Irregularity in the proceedings of the court by which plaintiffs were prevented from having a fair trial in this, to-wit:

"The Court erred in not permitting the plaintiffs to testify relative to the facts and issues raised by the pleadings and only permitted testimony relative to the most basic introductory questions."

The second specification reads as follows:

"2. Error of law occurring at the trial, as follows:

"a. The court erred in sustaining the objection of the defendant to the question hereinafter set forth, propounded by the plaintiff during the direct examination of Betty M. Wankier, a witness and one of the plaintiffs and called on behalf of plaintiffs, and in overruling plaintiffs' offer to prove and in excluding the answer of such witness, which question, offered to prove, objection, and ruling of the court are in the following words:"

Under the second specification, the plaintiff-appellants set up twenty-three subparagraphs, each one of which was predicated upon the ruling of the court in sustaining an objection of the defendant to certain questions propounded by the plaintiff during the direct examination of plaintiffs' witness, Betty M. Wankier, and the action of the court in overruling the plaintiffs' offer to prove as to each of said separate specifications.

The motion for a new trial was overruled on the 25th day of March, 1966, and the sole assignment of error is the action of the court in overruling the appellants' motion for a new trial.

At page 55 of the appellants' brief, the caption appears, "CONDENSED RECITAL OF THE EVIDENCE IN NAR-

RATIVE FORM." The appellants, however, have set out the verbatim testimony taken from the transcript covering from page 55 of the transcript through page 122 of the transcript concluding the same on page 149 of appellants' brief. The argument portion of appellants' brief starts on page 152 and is concluded on page 161 containing only nine pages. The balance of the brief is devoted to a restatement of much of the same evidence contained in the first part designated as the condensed-recital.

At this point, we note that the argument portion of appellants' brief consists of conclusions of the appellants supported by authorities. It appears, however, that these authorities do not apply to the factual situation of the case before us. Under Rule 2-17(e), of the Rules of the Supreme Court of Indiana, and the cases decided by the Supreme Court and followed by this court in interpreting said rule, the appellants are required to show by cogent argument and the proper application of authorities how each error upon which appellants rely, was harmful to the appellants' rights and justify a reversal. It is our opinion that the appellants have failed to meet this requirement. This rule was set forth by the Supreme Court in *Wright* v. *State of Indiana* (1958), 237 Ind. 593, 147 N. E. 2d 551; this rule also followed in *Glenn* v. *Thatcher Glass Mfg. Co.* (1965), 139 Ind. App. 302, 209 N. E. 2d 900, and *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, 159 N. E. 2d 134.

The cases cited by the appellants, concerning the court's ruling on objections, do not apply to the specifications of error. These cases decide the rules to be applied in determining the correctness of an objection to a question where the objection is overruled, and have no application in our judgment, where the objection is sustained. The offers to prove, made at various places in the trial of the action below, were not in proper from and the language dictated into the record does not give evidence that would be

responsive to the question asked and to which each objection was sustained.

From our examination of the entire record, we conclude that the appellants have failed to demonstrate reversible error and the judgment of the court is therefore affirmed.

Judgment affirmed.

Cooper and Faulconer, JJ., concur.

Prime, J., concurs in result only.

NOTE.—Reported in 230 N. E. 2d 782.