CITY OF NEW HAVEN *v*. INDIANA SUBURBAN SEWERS, INC., ET AL.

[No. 1167A97. Filed March 26, 1969. No petition for rehearing filed.]

*William M. Evans, Bose, Buchanan, McKinney & Evans,* Indianapolis, and *Arthur H. Fruechtenicht,* Fort Wayne, for appellant.

*Arthur H. Gemmer, Gemmer & Frosch, Matthew E. Welsh, Bingham, Summers, Welsh & Spilman,* all of Indianapolis, for appellee, Indiana Suburban Sewers, Inc.

*Robert E. Meyers, James R. Arnold,* Fort Wayne, for appellee, City of Fort Wayne, and Board of Public Works Thereof.

PER CURIAM.—In this cause to date, there has been filed in this court what we consider a morass of dilatory pleadings. On June 28, 1968, appellees filed a motion to dismiss the appeal for lack of jurisdiction. On the same date, appellees filed a petition for extension of time to file an answer brief from the date of the ruling on the motion to dismiss. Several intervening motions and petitions were filed in this court, but

on September 25, 1968, we denied the appellees' motion to dismiss. On September 27, 1968, we denied appellees' petition for extension of time to file an answer brief, the same not having been timely filed. Then, on September 27, 1968, in aid of our appellate jurisdiction, we entered an order directing appellees to file their answer brief on or before October 28, 1968. Instead of complying with that order, appellees filed on October 22, 1968, a motion to reconsider our ruling of September 25, 1968, denying their motion to dismiss, or, in the alternative to dismiss the cause *sua sponte*. Also, on October 22, 1968, appellees filed a petition for extension of time to file their answer brief after the ruling on their alternative motion to dismiss. On October 31, 1968, appellant filed its petition to advance this cause. It is the latter three pleadings with which we are now confronted.

First, we will consider appellees' alternative motion to dismiss. That motion, including formal caption, reads as follows:

"APPELLEES' PETITION IN THE ALTERNATIVE

(1) TO RECONSIDER DENIAL, AND, INSTEAD, SUSTAIN MOTION TO DISMISS FOR LACK OF JURISDICTION: OR

(2) TO DISMISS ACTION SUA SPONTE ON COURT'S OWN MOTION.

"Appellees Indiana Suburban Sewers, Inc., City of Fort Wayne and its Board of Public Works petition the Court to either reconsider the September 25, 1968 denial of Appellees' Motion to Dismiss, and upon such reconsiderations to sustain said Motion to Dismiss, or, in the alternative, on its own motion, *sua sponte*, to dismiss this statutory action over which it is now conclusively apprised it has no jurisdiction, and in support thereof alleges and says as follows:

"1. This is an attempted statutory proceeding seeking judicial review of an order of the Public Service Commission of Indiana, which awarded to Appellee Indiana Suburban Sewers, Inc., a certificate of territorial authority to render sewage disposal service in a rural area in Allen County, Indiana, lying east and southeast of the City of Fort Wayne, Indiana; said order also approved an exclusive contract between Appellee Indiana Suburban Sewers, Inc. and Ap-

pellee City of Fort Wayne and its Board of Public Works, joint supporting petitioners below, which municipality contracted to treat the sewage collected in said franchised territory in its municipal treatment plant; said territory lies wholly outside and is not adjacent to Appellant City of New Haven which was allowed to intervene and participate in the administrative proceedings below over continuing objecting of Appellees;

"2. Said Commission order was issued September 1, 1967, and is only subject to judicial review by the Appellate Court under the statutory procedure provided by Acts 1957, Chapter 189, Section 1, *et seq.*, (Burns' Ind. Stat. Ann., 1968 Poc. Supp., Sections 54-443 *et seq.*) ; said statute defines the parties entitled to appeal as those ('adversely affected'), limits the time in which such an appeal must be taken ('30 days'), provides for certain type filings to extend the appeal time (petitions for rehearing), and requires service of the initiating assignment of errors 'upon all parties or their attorneys of record as shown by the commission record filed.'

"3. Appellant City of New Haven did not file its transcript and purported assignment of errors with this Court until May 14, 1968, eight (8) months after the entry of the September 1, 1967 Commission order; Appellant purportedly filed its Appellant's Brief on May 29, 1968.

"4. On June 28, 1968, Appellees filed their duly verified: 'APPELLEES MOTION TO DISMISS STATUTORY JUDICIAL REVIEW FOR LACK OF JURISDICTION BY APPELLANT'S FAILURE TO COMPLY WITH STATUTORY JURISDICTIONAL PREREQUISITES THERETO,' with attached affidavits of an entire law firm (Bingham, Summers, Welsh and Spilman) and its three 'attorneys of record as shown by the commission record filed,' (Matthew E. Welsh, William M. Osborn, and Claude Spilman, Jr.) attesting to non-service upon them of petitions for extension of time, the assignment of errors, and Appellant's Brief; said Motion to Dismiss alleged under oath the following grounds for dismissal:

"A. Section 54-443, Burns' 1968 Poc. Supp., requires such a statutory review proceeding to be filed 'within thirty (30) days of the date of entry of such order,' but *the subject action was not filed within 30 days thereof;*

"B. Section 54-443, Burns' 1968 Poc. Supp., limits the entity which may initiate such statutory review proceeding to one 'adversely affected' by said Order, but the subject order

shows on its face that it does not order Appellant City of New Haven to do or to refrain from doing anything, and counsel for Appellant has admitted of record that Appellant is not subject to the jurisdiction or the regulation of the Public Service Commission and; accordingly, *Appellant is not 'adversely affected' by the subject order;*

"C. Section 54-447, Burns' 1968 Poc. Supp., requires of an appellant that 'a copy of an assignment of errors. . . shall be served. . . on or before the date of such filing, upon all parties or their attorneys of record, as shown by the commission record filed,' but *Appellant did not serve copies of its assignment of errors* upon any parties as shown by the record, and only served copies upon some of the attorneys of record, but did not serve a copy *upon an entire law firm and its three attorneys of record,* as shown by the commission record filed;

"D. Section 54-444, Burns' 1968 Poc. Supp., provides that the filing of 'a petition for rehearing . . . within the time allowed by the rules of the commission' . . . shall extend the time for filing the review proceeding, but *Appellant has failed to allege or show* on the face of its assignment of errors *what is the time the commission rules allow, or that it filed any petition for rehearing within such unknown time period;*

"E. Section 54-446, Burns' 1968 Poc. Supp., requires that an appellant seeking judicial review shall file 'a written request for the record' with the Commission within twenty (20) days after entry of any final . . . order . . . or within twenty (20) days after the . . . determination . . . upon a petition for rehearing duly filed pursuant to the rules of the commission,' but *Appellant has failed to allege or show* on the face of its assignment of errors *what the commission rules require for the filing of a petition for rehearing, or that it filed any petition for rehearing 'pursuant to' the unspecified rules of the commission;*

"F. Section 54-446, Burns' 1968 Poc. Supp., provides that unless an appellant shows that 'the written request (for the record) was duly filed within the time herein granted' (i.e. 20 days), 'no extension of time shall be granted by the Appellate Court for the filing of an assignment of errors and the transcript of record,' but *Appellant failed to allege or show that any such request for the record had been filed within 20 days after the September 1, 1967 final order, or within 20 days after a determination upon a petition for rehearing 'duly filed pursuant to the rules of the com-*

*mission,'* and the Appellate Court, accordingly, had no statutory authority to grant Appellant any extensions of time for filing the transcript and assignment of errors;

"G. Rule 2-2 of the Rules of the Supreme Court requires assignments of error and the transcript of the record to be filed in the office of the Clerk of the Supreme Court 'within ninety (90) days from the date of the judgment . . . unless the statute under which the appeal or review if taken fixes a shorter time,' and Burns' Section 54-443, Burns' 1968 Repl., fixes a shorter time, namely, 30 days, but *Appellant failed to file said transcript and assignment of errors within 30 days of the commission order;*

"H. Rule 2-15 of the Rules of the Supreme Court requires that an appellant 'shall have thirty (30) days after submission in which to file his brief,' and Rule 2-13 provides that within the time for filing briefs, 'copies shall be served upon the parties affected, or their attorneys of record,' but *Appellants failed to serve copies of its Appellant's Brief upon an entire law firm and its three attorneys of record, either within 30 days or at any other time;*

"I. Rule 2-2 of the Rules of the Supreme Court provides for filing petitions for extension of time to file a transcript and assignment of errors 'within the time for filing (the particular pleading) . . . notice having been given to the adverse parties . . .,' and Rule 2-13 provides 'within the time allowed for filing petitions and briefs . . . copies shall be served upon the parties affected, or their attorneys of record,' but *Appellants failed to serve copies of its petitions for extension of time to file transcript and assignment of errors upon an entire law firm and its three attorneys of record for an adverse party,* Appellee Indiana Suburban Sewers, Inc., either within the 30 days for filing such petitions or at any other time.

"5. Appellant City of New Haven did not and could not refute the verified allegations of said Appellees' Motion to Dismiss, or of the three affidavits attesting to said nonservice filed by said entire law firm and its three attorneys of record.

"6. On September 25, 1968, the Appellate Court denied Appellees' said Motion to Dismiss, in a per curiam opinion which reads in its entirety as follows:

" 'The court, in general conference, having considered "Appellees' Motion to Dismiss Statutory Judicial Re-Review for Lack of Jurisdiction by Appellant's Failure to Comply

with Statutory Jurisdictional Prerequisites Thereto," filed herein on June 28, 1968, and all other pleadings filed subsequent thereto and pertaining to said motion to dismiss, now finds that said motion should be denied; and accordingly, it is now ORDERED that said motion to dismiss, hereinabove referred to, be, and it is, denied.'

thereby purporting to assume jurisdiction of this statutory proceeding over which the record and law conclusively shows it does not have jurisdiction, which perfunctory denial fails to give a statement in writing and fails to give a decision therein on any of the substantial jurisdictional questions raised as set out above and as presented by Appellees' verified Motion to Dismiss and Appellees' Brief in Support thereof.

"7. Appellees respectfully contend that the Court erred in its denial order of September 25, 1968, in the following respects and each of them:

"A. In ignoring the undisputed facts of record which conclusively show that Appellant failed to file its statutory action for judicial review 'within 30 days' of the Commission order, failed to show that it was 'adversely affected' by said Commission order, failed to serve copies of the assignment of errors or Appellant's Brief upon an entire law firm and its three attorneys of record for an adverse party, and failed to comply, in all of the other respects as set out above, with the mandatory, jurisdictional requirements of the statute governing this statutory judicial review proceeding; to wit, Acts 1957, Chapter 189, Section 1, *et seq.;* Section 54-443, *et seq.,* Burns' 1968 Poc. Supp.

"B. In contravening a ruling precedent of the Supreme and Appellate Courts which holds that *compliance with the prerequisites of a statutory action is mandatory and jurisdictional,* as decided in the following cases: *Martin v. Indianapolis Water Company* (1959), 130 Ind. App. 416, 162 N. E. 2d 799; *Ballman v. Duffecy* (1952), 218 Ind. 162, 102 N. E. 2d 646; *Raab v. Indiana State Board of Tax Comm.* (July 25, 1968), Appellate Court, Division One, Cause No. 767 A 37; *State v. Porter County Drainage Board* (April 5, 1968), 250 Ind. 216, 235 N. E. 2d 491;

"C. In contravening a ruling precedent of the Supreme and Appellate Courts which holds that *the assignment of errors on a statutory review is the complaint and said assignment of errors must contain all of the necessary prerequisites, or jurisdiction is conferred upon the court,* as decided in the following cases: *Martin v. Indianapolis Water Company,*

*supra; State ex rel Ayer v. Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441; *State v. Porter County Drainage Board* (April 5, 1968), *supra;*

"D. In contravening a ruling precedent of the Supreme and Appellate Courts which holds that *an appellant must alleged facts to show that the error complained of is harmful to him, or, as required by the subject statute itself, that he is 'adversely affected,' in order to be entitled to a judicial review,* as decided in the following cases: *Martin v. Indianapolis Water Company, supra; Wankier v. Freeman* (1967), 141 Ind. App. 618, 230 N. E. 2d 782; *Storkman v. Keller* (June 18, 1868), 143 Ind. App. 43, 237 N. E. 2d 602; see also: *Murphy v. U. S.* (CCA 7th; 1958) 252 Fed. 2d 389.

"E. In contravening a ruling precedent of the Supreme and Appellate Courts which holds that *failure of an appellant to serve copies of petitions and briefs, and,* in the subject case, as required by the subject statute, *copies of the assignment of errors upon opposing counsel within the time allowed for such filing, results in a dismissal of the action,* as decided in the following cases: *Barker v. Hammett* (1966), 139 Ind. App. 279, 219 N. E. 2d 438-440; *Cole v. Pierson* (1966), 140 Ind. App. 212, 215 N. E. 2d 40, 41, reh. den.; *Martin v. Indianapolis Water Company, supra; Bauer v. Bauer* (1963), 244 Ind. 363, 366, 192 N. E. 2d 734, 735.

"8. Appellees further respectfully contend that the Court erred in its denial order of September 25, 1968, in that *once the court is made aware of its lack of jurisdiction over these statutory proceedings, it is the Court's duty, sua sponte, on its own motion to dismiss actions over which it has no jurisdiction,*\*\* and, the Court's action to the contrary in denying Appellees' Motion to Dismiss, contravenes such ruling precedent of the Supreme and Appellate Courts, as decided in the following case: *State ex rel Ayer v. Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441, 444, 445-6;

"9. To perfunctorily deny Appellees' Motion to Dismiss and to thereafter, on September 27, 1968, order Appellees to file an answer brief on the merits, places an impossible, unreasonable and useless burden upon counsel for Appellees in the following respects:

---

\*\*All italized portions of this motion is the emphasis of the appellees and not this court.

"A. No answer brief could be filed by said law firm and its three attorneys of record who have never to this day been served with either copies of the assignment of errors or Appellant's Brief and, accordingly, could not reasonably be expected to respond to pleadings they have never received;

"B. With the record conclusive as to the facts, and the precedents of the Supreme and Appellate Courts controlling as to the law, it could serve no useful purpose to require counsel for Appellees to file an answer brief on the merits of this case over which the Appellate Court has no jurisdiction;

"C. No useful purpose would be served, and public interest certainly does not require, the further prolonging of this case or a briefing on the merits, when, to the contrary, the record conclusively shows that existing pollution in the subject area is causing a public health hazard, which problem can only be, and is being, solved by Appellees and which, conversely, the record shows conclusively, is not being, and cannot be, solved by Appellant;

"10. Appellees incorporate herein by reference their said Motion to Dismiss, with attached exhibits and affidavits of said law firm and its three attorneys of record.

"WHEREFORE, Appellees respectfully petition the Court to either reconsider its September 25, 1968 denial of Appellees' said Motion to Dismiss, and, upon such reconsideration, to sustain said Motion to Dismiss, or, in the alternative, on its own motion, *sua sponte,* to dismiss this statutory action over which it is now conclusively apprised that it has no jurisdiction."

As is stated in designated Paragraph 1 of appellees' motion, this cause involves a statutory proceeding seeking judicial review of an order of the Public Service Commission of Indiana. In culmination of proceedings before the commission, appellee, Indiana Suburban Sewers, Inc., was granted a certificate of territorial authority to render sewer service to an area contiguous to both the City of Fort Wayne and the City of New Haven, Indiana. The record reveals that the City of New Haven operates its own municipal sewer service through its Board of Public Works. The City of New Haven intervened and opposed the application of Indiana

Suburban Sewers, Inc., asserting that it (City of New Haven) was ready, willing and able to provide sewer service to the area; and, that a substantial portion of the area lies within an area in which the City of New Haven is authorized to provide sewer service under Indiana law and within the six-mile area in which municipal utilities are exempted from commission jurisdiction.

The commission originally, on July 14, 1967, denied the application of appellee, Indiana Suburban Sewers, Inc. However, following a rehearing, the commission reversed itself and granted the application in part on September 1, 1967.

In designated Paragraph 2 of appellees' motion, they refer to the order of September 1, 1967, and to Acts of 1957, ch. 189, § 1, *et seq.;* Burns' Ind. Ann. Stat., 1968 Cum. Supp., Sections 54-443, *et seq.* Those sections of Burns' Ann. Stat. which we consider pertinent to the issues presented, read as follows:

"54-443. Appeal to Appellate Court from final decision, ruling or order of commission—Transfer to Supreme Court —Assignment of errors.—Any person, firm, association, corporation, city, town or public utility adversely affected by any final decision, ruling, or order of the public service commission of Indiana, may, within thirty [30] days from the date of entry of such decision, ruling, or order, appeal to the Appellate Court of Indiana for errors of law under the same terms and conditions as govern appeals in ordinary civil actions, except as otherwise herein provided, and with the right in the losing party or parties in the Appellate Court to apply to the Supreme Court for a petition to transfer the cause to said Supreme Court as in other cases. An assignment of errors that the decision, ruling or order of the commission is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, ruling or order, and the sufficiency of the evidence to sustain the finding of facts upon which it was rendered. [Acts 1957, ch. 189, §.1, p. 395.]

"54-444. Petition for rehearing—Effect on appeal.—If a petition for rehearing is filed with the commission by any party to the proceeding before the commission, within the time allowed by the rules of the commission, and prior to

the filing of the commission record with the clerk of the Supreme and Appellate Courts, the right to appeal to the Appellate Court as herein provided shall terminate thirty [30] days after the determination by the commission of [on] such petition for rehearing. The appeal shall not be submitted prior to that determination of the petition for rehearing, and the decision of the commission on said petition shall not be assigned as error unless the final decision, ruling or order of the commission is modified or amended thereby, without further hearing ordered. [Acts 1957, ch. 189, § 2, p. 395.]

"54-446. Written request for record—Time for filing—Certified transcript, preparation and contents—Extension of time for filing assignment of errors.—Within twenty [20] days after the entry of rendition of any final decision, ruling or order of the commission, or within twenty [20] days after the entry or rendition of any determination of the commission, or within twenty [20] days after the entry or rendition of any determination of the commission upon a petition for rehearing duly filed pursuant to the rules of the commission, any person, firm, association, corporation, city, town or public utility desiring to appeal the cause to the Appellate Court shall file with the commission a written request for the record, and the commission shall forthwith cause a certified transcript to be prepared, containing all pleadings and papers filed, notices given and entered of record, proceedings had, testimony taken, and orders entered therein.

"No extension of time shall be granted by the Appellate Court for the filing of an assignment of errors and the transcript of the record, unless a showing be made that the written request for the record was duly filed within the time here granted. [Acts 1957, ch. 189, § 4, p. 395.]

"54-447. Assignments of errors or cross-errors—Copy served by mail on parties—Briefs, service of copies.—A copy of any assignment of errors or of cross-errors filed in the Appellate Court shall be served by mail, on or before the date of such filing, upon all parties or their attorneys of record as shown by the commission record filed; but copies of briefs shall be served, by mail, upon only the attorney-general of Indiana and those parties or their attorneys of record who have filed an appearance or assignment of errors with the clerk of the Supreme and Appellate Courts. [Acts 1957, ch. 189, § 5, p. 395.]"

Under designated Paragraphs 2, 3 and 4 of their alternative motion, appellees appear to selectively state the record. However, it appears from a review of the record that subsequent to the commission's order of September 1, 1967, appellant filed on September 19, 1967, a "Petition for Rehearing and/or Additional Hearing". After an intervening motion to strike, the commission entered an order on November 2, 1967, denying appellant's petition for rehearing. Then, on November 21, 1967, appellant filed with the commission, a "Request for Certified Transcript" and a "Certificate of Service".

Thereafter, on November 27, 1967, and February 16, 1968, appellant filed in this court, separate petitions for extensions of time in which to file the transcript and assignment of errors, which were granted by this court. The order granting the petition of February 16, 1968, extended the time for filing the transcript and assignment of errors until May 15, 1968. Appellant filed the transcript and assignment of errors in this court on May 14, 1968. Appellant, thereafter, filed its "Appellant's Brief" on May 29, 1968.

Under designated Paragraph 4 of appellees' motion, they incorporate the motion to dismiss filed on June 28, 1968. Appellees contend that § 54-443, *supra,* requires that a review proceeding be filed in this court within thirty days of the date of the commission's decision. However, the time for filing in this court is extended, if a petition for rehearing is filed in the commission, to thirty days after the determination on the petition for rehearing. The commission denied appellant's petition for rehearing on November 2, 1967; appellant filed his request for record on November 21, 1967; and, appellant filed his first petition for extension of time to file the transcript and assignment of errors in this court on November 27, 1967. In our opinion, appellant has unquestionably complied with the provisions of Burns' Ann. Stat., § § 54-443, 54-444 and 54-446, *supra.*

Next, appellees contend that appellant is not 'adversely affected' by the decision of the commission and therefore, has no basis for appeal. From our review of the record, we cannot agree. However, the decision as to whether appellant has been sufficiently harmed to warrant a reversal of the commission's order, will be determined upon a hearing of the merits.

Appellees next contend that appellant has violated the jurisdictional mandates of § 54-447, *supra,* in that:

> *"A]ppellant did not serve copies of its assignment of errors* upon any parties as shown by the record, and only served copies upon some of the attorneys of record, but did not serve a copy *upon an entire law firm and its three attorneys of record,* as shown by the commission record filed; . . ."* (Appellees' Emphasis.)

The commission record conclusively shows that Arthur H. Gemmer and Matthew E. Welsh (the latter of the firm of Bingham, Summers, Welsh and Spilman) were (are) attorneys for applicant, Indiana Suburban Sewers, Inc.; James R. Arnold and Robert E. Meyers are attorneys for joint supporting petitioners, City of Fort Wayne, Indiana, and the Board of Public Works, thereof.

The record also reveals that applicant's principal place of business is located in the First Federal Building, Suite 808, 11 North Pennsylvania Street, Indianapolis, Indiana. The record shows the law office of Mr. Gemmer to be of the same address. The record shows Mr. Gemmer to be president, general counsel and major stockholder of Indiana Suburban Sewers, Inc. We further, judicially know that Mr. Gemmer is listed as resident agent for applicant, with the corporations division of the Secretary of State's office.

The proof of service filed by appellant in relation to the filing of petitions for extensions of time and the filing of appellant's brief, reveal that appellant served copies of same upon Mr. Gemmer, Mr. Meyers and Mr. Arnold. Mr. Welsh

was not served with copies. Section 54-447, *supra,* provides that:

"A copy of any assignment of errors . . . filed in the Appellate Court shall be served by mail, on or before the date of such filing, upon all parties *or* their attorneys of record as shown by the commission record filed; . . ." (Our Emphasis.)

Service upon Mr. Gemmer, due to his legal relationship with Indiana Suburban Sewers, Inc., constituted in fact and in law, service upon Indiana Suburban Sewers, Inc. The phraseology of § 54-447, *supra,* requires only that the parties *or* their attorneys of record be served with copies; it is not necessary to serve copies upon both. Appellant served copies upon all attorneys of record for the joint supporting petitioners, City of Fort Wayne; and the Board of Public Works, thereof.

In conclusion, we feel that appellant has complied with the jurisdictional requirements of § 54-447, *supra*; that appellees' alternative motion to dismiss is without merit and is hereby overruled.

It should be stated, in response to appellees' designated Paragraph 6 of their alternative motion, that we know of no authority (nor have appellees cited any) requiring this court to state in writing, its reasons for overruling a motion to dismiss. Neither should our doing so, be construed as the product of appellees' inference that we should. We only write our reasons herein so that a final disposition might be made of the dilatory matter heretofore filed and that this cause might be directed to a speedy decision upon the merits.

In relation to appellees' petition for extension of time to file an answer brief, it is ordered that appellees file their answer brief with the clerk of this court within thirty days from the filing date of this opinion.

Appellant's petition to advance this cause is hereby granted, pursuant to the provisions of Rule 2-26, Rules of the Supreme Court of Indiana.

Appellees' Petition in the Alternative to Reconsider or Dismiss on the Court's Own Motion is denied; Appellees' Petition for extension of time to file Answer Brief, is granted to and including thirty days from the filing date of this opinion; and, Appellant's Petition to Advance this cause, is granted.

Sullivan, J., concurs with opinion.

### CONCURRING OPINION

Sullivan, J.—I concur in the Opinion of my associates but feel that a more appropriate construction should be placed upon Burns' Section 54-447 in order to fulfill more completely the purpose of that statute and all similar statutes and rules relative to the giving of notice of legal proceedings. Notices of legal proceedings contemplate responsive action on the part of the person served or notified. The response contemplated is normally fraught with technicalities and niceties of procedure, legal draftsmanship, and time deadlines which only an attorney at law can understand and resolve. For this reason I feel that the statute here in question and all similarly worded statutes and rules should be construed so as to require service upon at least but not more than one attorney of record for each party. It is only where a party has no attorney of record that notices, pleadings, briefs, assignments of error and the like should be served upon the party himself.

I do not feel, however, that more than one attorney of record for the same party need necessarily be served in order to fulfill notice requirements though such practice should be, in most instances, a standard courtesy.

Service upon Mr. Gemmer in this cause was in my opinion proper and fulfilled the notice requirements of Burns' 54-

447 not only because he was an officer and the resident agent of the appellee, Indiana Suburban Sewers, Inc., but because he was also an attorney of record for said appellee.

NOTE.—Reported in 245 N. E. 2d 668.