CITY OF NEW HAVEN *v.* INDIANA SUBURBAN SEWERS, INC., ET AL.

[No. 1167A97]
[No. 172S7. Filed January 17, 1972.]

*Decision of Appellate Court vacated, order of PSCI affirmed.*

*William M. Evans, Bose Buchanan McKinney & Evans,* of counsel, of Indianapolis, *Arthur H. Fruectenicht,* of Fort Wayne, for appellant.

*Matthew E. Welsh, William M. Osborn, Claude Spilman, Jr., Bingham, Summers, Welsh & Spilman,* of counsel, *Frederick J. Frosch, Arthur H. Gemmer, Gemmer & Frosch,* all of Indianapolis, for appellees Indiana Suburban Sewers, Inc., *James R. Arnold,* City Attorney, *Robert E. Meyers,* Associate City Attorney, of Fort Wayne, for appellees, City of Fort Wayne and its Board.

PRENTICE, J.—This cause is before us on Appellees' Petition to Transfer, the review having been previously determined in favor of the appellant by the Appellate Court which vacated the order of the Public Service Commission of Indiana. The opinion of the Appellate Court as reported at 144 Ind. App. 224, 261 N. E. 2d 240, sets forth the relevant facts and articulately analyzes the statutory requirement and case law relative to the requirement of notice, as it relates to a re-

hearing held by the Commission. Very briefly stated, the review is from an order of the Commission, granted upon rehearing, and awarding the appellee, Indiana Suburban Sewers, Inc., a certificate of territorial authority to render sewage disposal service in a rural area between the City of Fort Wayne and the City of New Haven, Indiana. The Commission had previously, on July 14, 1967, denied the certificate, after hearing following proper notice. In response to Appellees' motion filed July 20, 1967, asking a rehearing and leave to file an additional exhibit, the Commission, on July 28, 1967, granted the petition, held the rehearing on August 7 and 11, 1967, and, on September 1, 1967, reversed its July 14th order and awarded the certificate.

Appellees' Petition for Transfer assigns nineteen separate grounds, but our concern is with the question of waiver of notice presented as number 9 thereof. It is Appellant's position that it was incumbent upon the Commission to issue the same formal statutory notice with respect to the rehearing as was required and issued with respect to the original hearing. Appellant's arguments are persuasive, as witnessed by their adoption by the Appellate Court. However, we do not meet that question, in view of Appellant's having attended and participated in the rehearing. Appellant has admitted that it had actual notice of the rehearing and participated therein. It appeared by counsel, made motions and objections, cross-examined witnesses, introduced testimony and offered documentary exhibits. There is nothing to indicate that Appellant objected to an irregularity of notice prior to participating in the hearing or that it participated under protest. It did urge the notice question as a ground for further rehearing, but we think this not significant.

> "It is well settled that where there is an appearance, without objection, or, indeed, where there is any act indicating consent, want of notice will be deemed waived."
> ■ *Cleveland* v. *Obenchain* (1886), 107 Ind. 591, 594, 8 N. E. 624.

The foregoing was quoted by the Appellate Court in *Wabash Smelting, Inc.* v. *Murphy* (1962), 134 Ind. App. 198, 186 N. E. 2d 586; and in holding that notice had been waived, the court observed:

> "We believe that the crux of the matter is that appellant waived all such notices by having its attorney attend the hearing, enter a general appearance, stipulate certain facts without objection, examine and cross-examine witnesses, make objections throughout the proceedings, and then file an Application for Review by the Full Board after receiving an adverse decision. * * *." 134 Ind. App. at 206.

We believe that it cannot be seriously urged but that the law of this state will disregard the technical requirement of notice, insofar as it was required to invoke jurisdiction of the person, if the party complaining had actual notice and participated in the proceedings. No reason exists for holding otherwise. The logic of this rule is the same, whether applied by judicial bodies or administrative boards, and the failure of a city council to comply strictly with the statutory requirement of notice was held by this court to be mere irregularity in *The Barber Asphalt Paving Company* v. *Edgerton* (1890), 125 Ind. 455, 25 N. E. 436.

If the notice prescribed is prerequisite to jurisdiction of the subject matter of the proceedings, the rule is otherwise, as the right to challenge such jurisdiction can never be lost or waived. Appellant has correctly stated such rule and supported it with good authority, but we believe the question here is not one of jurisdiction over the subject matter of the proceedings. Such jurisdiction was established when ontice of the time and place of public hearing was given more than ten (10) days prior to the date set for the hearing, as prescribed by the statute, Indiana Acts 1957, ch. 313, § 2, 1969 Supp. Burns Ind. Stat. Ann. § 54-601c. Having been thusly established, such jurisdiction continued throughout the proceeding, including the rehearing, and we believe that the ends of justice would not be served by faulting proceedings by reason

of a defect in the form of notice, if such defect did in fact exist, when the complaining party attended and participated therein. Clearly the notice which Appellant insists should have been given would not have benefited it, and its omission did it no harm.

Having determined that the order of the Commission was void by reason of the failure to give notice of the rehearing, it was not necessary for the Appellate Court to consider the other grounds presented by Appellant for voiding the same. Such other grounds relate to the inadequacy of evidence presented to the Commission by the appellee, Indiana Suburban Sewers, Inc., to prove the public need for the facility and its own ability to construct and operate it. Prior to oral argument before the Appellate Court, Appellees filed a motion to dismiss the review as moot. Appellant has not refuted this claim, and at oral argument before this Court upon the petition for rehearing and upon the merits, it was acknowledged that the sewer facility in issue had been completed and was operating. We therefore hold such other questions as sought to be raised by Appellant to be moot.

The decision of the Appellate Court is vacated, and the order of the Public Service Commission granting the appellee, Indiana Surburban Sewers, Inc., a certificate of territorial authority is affirmed.

Arterburn, C.J. and DeBruler and Givan, JJ. concur; Hunter, J. not participating.

NOTE.—Reported in 277 N. E. 2d 361.