SIMON ZALTMAN *vs.* MELROSE SAVINGS BANK. June 6, 1979. The plaintiff Zaltman purchased a parcel of real estate subject to a mortgage of record given by his grantor to the Melrose Savings Bank (bank). Zaltman was not then aware of the existence of a home improvement loan, under G. L. c. 168, § 35, par. 10, from the bank to Zaltman's grantor made after the mortgage but before Zaltman's purchase. In this action Zaltman seeks reimbursement for the amount of the balance of the home improvement loan which he paid under protest to the bank in order to obtain a discharge of the mortgage. The case was submitted on agreed facts upon the basis of which the judge made findings and his order for judgment. There was no error in the judgment dismissing the complaint.

General Laws c. 183, § 28A, in part provides that a home improvement loan "by the mortgagee to the mortgagor at any time after the recording of any mortgage of real estate . . . shall be equally secured with and have the same priority as the original indebtedness, to the extent that the aggregate amount outstanding at any one time when added to the balance due on the original indebtedness shall not exceed the amount originally secured by the mortgage." The judge correctly ruled that the improvement loan was secured by the property equally with the mortgage inasmuch as the aggregate amount of the improvement loan outstanding at any one time, when added to the balance of the original indebtedness, did not exceed the amount originally secured by the mortgage.

Zaltman, while not disputing the applicability of § 28A, appears to

argue that the bank's priority and security for the improvement loan under § 28A, were terminated by the conveyance of the premises to him since he lacked actual knowledge of that loan, and that its priority under § 28A existed only so long as the property was owned by the original borrower. Zaltman contends that G. L. c. 168, § 35, par. 10, requires that "the note or mortgage [on a home improvement loan] shall provide that in any event it shall become due and payable simultaneously with the transfer of the mortgaged premises." But we read the quoted language of § 35, par. 10, to mean only that the bank could at its option require payment of the loan balance upon conveyance of the premises by the mortgagor. Moreover, Zaltman's reliance on *Wellfleet Sav. Bank* v. *Swift*, 340 Mass. 62 (1959), for his interpretation of § 28A is misplaced. Unlike the instant case, the only evidence in *Wellfleet* of an "aggregate amount outstanding" referred to a time subsequent to the transfer of the property to a purchaser without actual notice. That evidence did not afford a basis for holding the purchaser accountable for the improvement loan to the mortgagor.

Under the statutory scheme of § 28A, the principal amount of the mortgage as recorded informs a purchaser from the mortgagor, Zaltman in this case, of the outside limit of all indebtedness secured by the mortgage (compare *Earnshaw* v. *First Fed. Sav. & Loan Assn.*, 109 N.H. 283, 285-286 [1969], discussing the model for § 28A) and puts him on inquiry (compare *Mister Donut of America, Inc.* v. *Kemp*, 368 Mass. 220, 223-224 [1975]; *Hampshire Natl. Bank* v. *Calkins*, 3 Mass. App. Ct. 697, 698-699 [1975]) to ascertain the existence of an intervening loan from the mortgagee. The statute protects the security of the mortgagee to the extent that the amount outstanding does not exceed the original loan. It protects the subsequent purchaser against liability for amounts advanced by the mortgagee in excess of the original loan. The Open End Mortgage—Future Advances: A Survey, 5 DePaul L.Rev. 76, 87 (1955).

*Judgment affirmed.*

*Alexander H. Pratt, Jr. (Kimball E. C. Hull* with him) for the defendant.

*Frank M. Geremonte*, for the plaintiff, submitted a brief.