# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SEAN SURRISI**
Plymouth City Attorney
Plymouth, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**DAVID LEE STEINER**
Deputy Attorney General
Indianapolis, Indiana

**ANDREW JAMES WELLS**
Assistant General Counsel

**BETH KROGEL ROADS**
General Counsel
Indiana Utility Regulatory Commission
Indianapolis, Indiana

FILED

Sep 26 2014, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CITY OF PLYMOUTH STREET DEPARTMENT, | ) ) ) | |
| Appellant, | ) ) | |
| vs. | ) ) | No. 93A02-1403-EX-162 |
| INDIANA UTILITY REGULATORY COMMISSION, | ) ) ) | |
| Appellee. | ) | |

September 26, 2014

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

The City of Plymouth ("City") appeals the Indiana Utility Regulatory Commission's

("Commission") denial of its motion to dismiss an administrative action against the City

stemming from damage it caused to an underground natural gas pipeline. The City claims

that the Commission failed to satisfy the statutory and administrative requirements

concerning notice of the violation and recommended penalties. Finding the notice to be

sufficient, we affirm the Commission's denial of the motion to dismiss.

## Facts and Procedural History

On April 12, 2013, while engaged in a demolition project, the City struck and

damaged an underground natural gas pipeline. The Indiana Pipeline Safety Division

("Division") investigated and issued a finding of liability against the City for failing to

request a dig ticket and failing to provide notice of excavation as required by law. The

Underground Plant Protection Advisory Committee ("Advisory Committee") reviewed the

Division's findings and recommended a penalty of employee training. The City admitted to the violations and did not dispute the recommended penalty.

Notwithstanding, the City filed a motion to dismiss the administrative action, claiming that the Commission had failed to satisfy its statutory and administrative obligation to provide the City notice of the Division's findings and the Advisory Committee's recommended penalties. The City asserted that notice was deficient because it was sent by the wrong entity, that is, the Advisory Committee. The notification letter was signed by attorney DeAnna L. Poon. The opening sentence reads, "I write to you as legal counsel to the Indiana Underground Plant Protection Advisory Committee." Appellant's App. at 29. Poon served as both legal advisor to the Advisory Committee and assistant general counsel to the Commission. The letter was printed on Commission letterhead and indicated Poon's dual positions below the signature line.

The Commission's presiding officers denied the City's motion to dismiss, finding in pertinent part,

> The September 3, 2013 letter was written on Commission letterhead and was signed by Ms. Poon both in her capacity as legal advisor to the [A]dvisory [C]ommittee and as assistant general counsel to the [Commission]. Although the opening sentence incorrectly identified the capacity in which Ms. Poon acted in drafting the letter, that oversight does not defeat the efficacy of the letter. The notice requirement in Ind. Code § 8-1-26-23(k) and 170 IAC 5-5-3(f) exists to ensure that a person or entity accused of violating Ind. Code ch. 8-1-26 and facing a penalty recommended by the [A]dvisory [C]ommittee has notice of the recommended penalty and an opportunity to contest it in a hearing before the Commission. The September 3, 2013 letter clearly states that [the City] is accused of violating Ind. Code § 8-1-26-16(g)—failure to provide notice—and that the [A]dvisory [C]ommittee has recommended a penalty of training. The letter goes on to state that [the City] has the right to request a hearing before the Commission and provides instructions on how to request

3

such a hearing. [The City] first contacted the Commission about requesting a hearing on September 16, 2013, and has fully participated in this Cause since that time, including attending a prehearing conference. As a result, the Presiding Officers find that the September 3, 2013 letter provided sufficient notice under 170 IAC 5-5-3(f).

*Id*. at 9.

The City sought review by the full Commission, which incorporated the presiding officers' findings and emphasized the purpose of the notice requirements. Concluding that the City's subsequent filing of a request for hearing and its participation in all proceedings indicated its awareness of its rights, the Commission upheld the presiding officers' denial of the City's motion to dismiss. *Id*. at 12. The City now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

The City challenges the denial of its motion to dismiss, which was based on the Commission's alleged failure to provide sufficient notice concerning the recommended penalties for the City's violation of Indiana Code Chapter 8-1-26. Where, as here, the relevant facts are undisputed, we review to determine whether the Commission's order is contrary to law. *N. Ind. Pub. Serv. Co. v. U.S. Steel Corp*., 907 N.E.2d 1012, 1016 (Ind. 2009). In so reviewing, we ascertain whether the Commission stayed within its jurisdiction and conformed to the statutory standards and legal principles involved in producing the ruling. *Id*. The level of deference afforded the Commission depends upon whether the subject is within the Commission's special competence. *Id*.

Here, the City struck an underground natural gas pipeline while demolishing a

4

building.  Indiana Code Section 8-1-26-14 states, "[A] person may not excavate real property or demolish a structure that is served or was previously served by an underground facility without first ascertaining … the location of all underground facilities in the area affected by the proposed excavation or demolition."  Indiana Code Section 8-1-26-16 outlines specific procedures for notifying the Indiana Underground Plant Protection Service and ensuring that the utilities are afforded time to mark the site.  Subsection (a) states in part, "The notice required in subdivision (1) must be received at least two (2) full working days but not more than twenty (20) calendar days before the commencement of the work."  Subsection (d) lists the information that must be contained in the notice.  Subsection (g) specifies the penalties for failing to comply with the notice provisions.  In conjunction with its motion to dismiss on procedural grounds, the City stipulated to the charged violation of the notice provisions found in Indiana Code Section 8-1-26-16 as well as to the recommended civil penalty of training.  *See* Appellant's App. at 120-22 (City's conditional stipulation regarding merits of Division's case, stating in part, "[City] consents to the entry of judgment against it on the merits of this matter, contemporaneous with the entry of any order denying its Motion to Dismiss.").

We address the crux of the City's claim—its procedural claim of deficient notice.  In its motion to dismiss, the City maintained that although it received notice concerning the violation and penalty, the notice was insufficient because it came from the Advisory Committee rather than from the Commission.  As support, the City relies on the following provision of the Indiana Administrative Code:

Upon receiving a recommendation from the [A]dvisory [C]ommittee, the [C]ommission *shall* provide the person or entity accused of violating IC 8-1-26 with notice of the [A]dvisory [C]ommittee's recommendation and provide the person or entity thirty (30) days to request a public hearing on the [A]dvisory [C]ommittee's recommendation.

170 IAC 5-5-3(f) (emphasis added).

170 IAC 5-5-3 outlines the procedures for addressing alleged violations of Indiana Code Chapter 8-1-26. Essentially, the key players involved in addressing an alleged violation are the Division, the Advisory Committee, and the Commission. Each has a designated role: Division investigates to determine whether a violation has occurred; the Advisory Committee forwards the Division's summary damage report to the violating person or entity and makes a recommendation to the Commission concerning the penalty to be imposed; and the Commission notifies the violating person or entity concerning the recommended penalty and its right to request a hearing to address the alleged violation and recommended penalty. 170 IAC 5-5-3. The Commission's presiding officers hear any such disputes, and the alleged violator may thereafter seek review by the full Commission. 170 IAC 1-1.1-25(a).

The City also points us to Indiana Code Section 8-1-26-23 as support for its argument that the Advisory Committee and Commission are distinct entities. This statute establishes the Advisory Committee, sets the selection process and duration of terms for its members, outlines its duties, and clarifies its role with respect to the Commission. *See* Ind. Code § 8-1-26-23(h) ("The [A]dvisory [C]ommittee shall act in an advisory capacity to the [C]ommission concerning the implementation and enforcement of this chapter. In this capacity … the [A]dvisory [C]ommittee may recommend … penalties with respect to persons that the

6

[Division] has found to violate this chapter"). Subsection (k) defines the Commission's role upon receipt of the Advisory Committee's recommendation, emphasizing that the Commission sends notice to the violating person or entity, convenes a hearing upon request, and then upholds or reverses the violation findings, rules on the appropriateness of the penalty, and executes any collection attendant to it.

While we agree that the Advisory Committee and the Commission serve distinct roles, we conclude that with respect to the City's claim, it is a distinction without a difference. In other words, Poon's letter was sufficient to satisfy the notice requirements of 170 IAC 5-5-3(f) and Indiana Code Section 8-1-26-23(k). Both the presiding officers and the Commission found the letter sufficient based on (1) the face of the letter; and (2) the purpose of the notice requirement. As to the former, Poon's misstatement as to the capacity in which she was writing, "as legal counsel to the [] Advisory Committee," is insignificant when placed in the context of the remaining text of the one-page letter. Appellant's App. at 29. As noted in the Commission's findings, both the letterhead and the designation beneath the signature line indicate the participation of the Commission. Moreover, the letter cites the applicable statutory provisions, some of which apply directly to the *Commission's* notification and hearing duties, For example, the letter specifies that its purpose is "to notify you of the Committee's recommendation and give you the opportunity to execute a consent agreement or alternatively to seek a public hearing pursuant to IC 8-1-26-23(k) if you so request." *Id.*

Finally, as to the latter, the overarching purpose of the notice provisions is to ensure that the alleged violator is made aware of the nature of the violation, the recommended

7

penalty, and the right to contest either of these. *See City of New Haven v. Indiana Suburban Sewers, Inc.*, 257 Ind. 609, 613, 277 N.E.2d 361, 363 (1972) ("we believe that the ends of justice would not be served by faulting proceedings by reason of a defect in the form of notice, if such defect did in fact exist, when the complaining party attended and participated therein."). The City availed itself of the processes outlined in the letter and never claimed to actually lack notice. In other words, the City stipulated to the violation and the recommended penalty and now asks us to split hairs with respect to the identity of the messenger. We decline the invitation. Simply put, the City has failed to establish that the Commission's denial of its motion to dismiss was contrary to law. Accordingly, we affirm.

Affirmed.

RILEY, J., and MATHIAS, J., concur.