COLE ET AL. *v.* PIERSON, ADMR., ETC.

[No. 20,296.   Filed March 17, 1966.   Rehearing denied May 9, 1966.
Transfer denied October 19, 1966.   Petition to Reconsider
Petition to Transfer denied November 23, 1966.   Petition
to Reconsider Petition for Rehearing denied
January 13, 1967.]

*John S. Grimes,* of Indianapolis, and *Chauncey W. Duncan,* of Rushville, for appellants.

*Rafferty & Wood,* and *Emmert & Robison,* of Shelbyville, and *Hughes & Young,* of Rushville, for appellees.

HUNTER, J.—This cause is before the court on the appellees' motion to dismiss or affirm. The appellants filed their transcript and assignment of errors on August 13, 1965. On August 30, 1965, the appellants' petition for an extension of time to file their brief on the merits was granted to and including November 3, 1965.

On November 5, 1965, the appellants filed a proof of service of the brief on Attorney John N. Hughes stating therein that the brief was served on said Attorney Hughes on November 3, 1965, the date the briefs were filed. On November 10, 1965, (seven days after the time for the filing and service of briefs had passed) the appellants mailed a brief to Emmert & Robison, attorneys for the appellees. On December 23, 1965, (fifty days too late) the appellants mailed a brief to Jack R. Wood, attorney. From the record it appears that the firm of Hughes & Young represents Myrl N. Pierson as administrator of the estate of Chalmer G. Nixon, Myrl N. Pierson as the administrator of the estate of Kate N. Pierson, deceased, and Myrl N. Pierson, individually; Jack R. Wood, attorney represents John L. Gartin, appellee. These appellees retained Emmert & Robison to represent them on appeal.

On November 18, 1965, the appellees filed a motion to dismiss or affirm this appeal on the grounds that the appellants failed to serve their brief on all the attorneys of record for the appellees in compliance with Supreme Court Rules 2-15A and 2-19.

Supreme Court Rule 2-19 provides:

". . . Nine (9) copies of each brief shall be filed, together with proof of service of a copy upon the opposing party or his counsel."

Supreme Court Rule 2-15A provides:

"In any and all cases where motions, petitions and briefs are served upon the opposing party or his counsel by mail or Railway Express Agency, Inc., the time period specified for the filing of any answers or briefs with the clerk in response thereto shall be extended automatically and without order of Court for an additional period of five (5) days from the date of such deposit in the United States Mail or with the Railway Express Agency, Inc."

A failure to serve the opposing parties or counsel with the brief within the time allowed for the filing of a brief results in a dismissal. Our Supreme Court stated *In re Estate of Bauer et al.* v. *Bauer et al.* (1963), 244 Ind. 363, 366, 192 N. E. 2d 734:

"Rule 2-15A providing for the filing of briefs and serving opposing counsel by depositing the same in the United States Mail or Railway Express Agency, Inc., does not alter the requirement that the opposing party be served (either personally or by depositing in the mail or express) within the time allowed for filing briefs."

See also *Monroe* v. *Review Bd. of Ind. Emp. Sec. Div.* (1963), 135 Ind. App. 257, 193 N. E. 2d 260.

A failure to serve a brief on all the adverse parties or their counsel within the allotted time for the filing of briefs results in a dismissal. *Stephens* v. *Review Board of Indiana Employ. Sec. Div.* (1965), 137 Ind. App. 84, 205 N. E. 2d 164. The court stated at p. 165:

"Rule 2-19, *supra,* requires that service should be made on each of the opposing parties or their counsel and not just one of them. (cases cited)."

Although this court prefers to decide cases on their merits the Supreme Court rules have the force and effect of law. *Stephens* v. *Review Board of Indiana Employ. Sec. Div., supra.*

The appellants attempt to assert by affidavit that the appellees waived the filing time and service required by the Rules. The appellees have filed counter affidavits. We cannot and do not weigh the relative positions of the parties as revealed by the affidavits. The rules cannot be waived. *Whiting* v. *Evansville-Vanderburgh R. P. C.* (1961), 132 Ind. App. 437, 177 N. E. 2d 758. Further, it has been stated many times that these rules are binding on the court as well as the litigants. *Hancock Rural Telephone Corp.* v. *Public Serv. Com'n.* (1965), 137 Ind. App. 14, 203 N. E. 2d 204; *Guthrie* v. *Blakely et al.* (1955), 127 Ind. App. 119, 130 N. E. 2d 62.

In this appeal the appellants failed to serve their brief on all the adverse parties or their counsel within the time allowed for filing their brief. Consequently, the motion to dismiss must be granted.

Appeal dismissed.

Smith, P. J. and Mote, J., concur.

Bierly, J., dissents.

NOTE.—Reported in 215 N. E. 2d 40.