THOMAS LIPINSKI *v.* TOWN OF CHESTERTON.

[No. 671S181. Filed June 21, 1971.]

*George Cohan, Sheldon H. Cohan,* of Gary, for appellant.

*William Andersen, Jr.,* of Chesterton, for appellee.

GIVAN, J.—This cause was originally filed in the Appellate Court. That court dismissed the appeal for the stated reason that the transcript had been filed late. See 256 N. E. 2d 580.

Upon a petition for rehearing in the Appellate Court the court was evenly divided. The cause was, therefore, transferred to this Court for determination on motion to dismiss. The question arises upon the interpretation of Appellate Rule 12.

The appellant had mailed the transcipt of record by certified mail on the last day on which it could be filed under our rules. The record was not received in the Office of the Clerk of the Supreme and Appellate Courts until three days later. The Appellate Court's decision sustaining a motion to dismiss was based upon the interpretation of the former rules which had been held to mean that the transcript must be filed in the Office of the Clerk on or before the date of the expiration

of the time allowed. Appellate Rule 3 requires a transcript to be filed in the Office of the Clerk within ninety days from the date of judgment or ruling on the motion to correct errors, whichever is later.

The Appellate Court stated in its opinion that the placing of the transcript in the United States mail certified and with a return receipt requested failed to comply with Appellate Rule 3. However, there is nothing in this rule which defines filing with the Clerk.

The first sentence of Appellate Rule 12(A) reads as follows:

> *"Filing.* Papers required or permitted to be filed in a court of appeal shall be filed with the clerk in the manner prescribed in subdivision (C) below or by personally presenting the papers to the clerk or a person designated by the clerk."

It will be noted from the above sentence that filing is accomplished either by filing with the Clerk in the manner prescribed in subdivision (C) or by personally presenting the papers to the Clerk or a person designated by the Clerk. Appellate Rule 12(C) reads as follows:

> *"Method of Filing and Serving Motions, Petitions, Briefs and Other Papers.* Motions, petitions, briefs, and other papers will be deemed filed with the clerk or served upon the opposing party or his counsel upon the deposit of the same in the United States Mail or with any properly bonded carrier, charges prepaid, properly addressed, to the clerk or to the opposing party or his counsel as the case may be. In case of filing or service by mail or with any properly bonded carrier, a receipt of such deposit or a copy thereof, a return receipt when sent by registered or certified mail, or an affidavit of such mailing or deposit with any properly bonded carrier, shall be promptly filed with the clerk of this Court."

We, therefore, hold the Appellate Court was in error when it held that the placing of the transcript in the United States mail certified with return receipt requested did not constitute filing with the Clerk as of the date of the mailing.

This cause is, therefore, remanded to the Appellate Court for a decision upon the merits.

Arterburn, C.J., DeBruler and Hunter, JJ., concur; Prentice, J., not participating.

NOTE.—Reported in 270 N. E. 2d 738.