AMERICAN STATES INS. CO. *v.* STATE EX REL.
JENNINGS & BOWMAN.

[No. 672S72. Filed June 8, 1972. Appeal dismissed by Appellate Court April 12, 1971. Rehearing and certiorari denied September 13, 1971.]

*Mark W. Gray, Howard J. DeTrude, Jr., John T. Lorenz,* of Indianapolis, for appellant.

*Scott Ging,* of Indianapolis, for appellees.

HUNTER, J.—This cause is before this Court on a Petition to Transfer and is directed primarily to the Opinion and Order of the Appellate Court denying appellant's Petition for Rehearing and Petition for Writ of Certiorari to correct the record. Four members of the Appellate Court voted to deny the petitions and four members voted to grant, with this tie vote thus resulting in a dismissal of the appeal.

The proceedings are essentially as follows: On September 26, 1967, summary judgment was entered by the trial court against appellant as to liability only, and the trial court set this matter for trial on the question of damages. Trial was held and the trial court entered its judgment and decree on September 4, 1969. Appellant filed a motion for new trial on October 3, 1969, which was overruled on October 14, 1969. On January 7, 1970, appellant filed a petition for an extension of time within which to file the transcript, pointing out that the trial court had overruled appellant's Motion for New Trial on October 14, 1969, and that the transcript must be filed on or before January 12, 1970; the transcript had not yet been

prepared by the Clerk and Reporter of the Marion Superior Court, and that an additional forty-five (45) days was necessary to file the assignment of errors and the transcript. The Appellate Court granted the petition, extending the time to February 26, 1970. The transcript and assignment of errors was then filed on February 26, 1970.

The problem arises from the fact that the record erroneously states that the Motion for New Trial was overruled on October 4, 1969. In truth, the motion was overruled on October 14, 1969, as shown by the affidavit of the Clerk of the Marion Superior Court which accompanied appellant's Application for Writ of Certiorari and Petition for Rehearing.

Although the issue had not been raised by either party on April 12, 1971, the Appellate Court dismissed the appeal as being untimely because the record showed the Motion for New Trial was overruled on October 4, 1969, and the Petition for Extension of Time was not filed until January 7, 1970. (This opinion is found at 268 N. E. 2d 307). It was at this point that appellant first became aware of the typographical error in the record. Sixteen (16) days later appellant filed its application for a Writ of Certiorari accompanied by the affidavit of the Clerk of the Marion County Superior Court, and at the same time filed its Petition for Rehearing. On September 13, 1971, appellant's Petition for Rehearing and Application for Writ of Certiorari were denied with opinion by a four (4) to four (4) vote of the Appellate Court. (This opinion is found at 273 N. E. 2d 306).

In the opinion to deny the Petition for Rehearing, it is recognized that the record erroneously states the date upon which the motion for new trial was overruled; however, it was held that the verity of the transcript cannot be questioned. This clearly contravenes the most recent precedent enunciated by this Court in *Edwards* v. *State* (1968), 250 Ind. 19, 231 N. E. 2d 20, 234 N. E. 2d 845, wherein we permitted the correction of the record upon rehearing by allowing the ap-

pellee through writ of certiorari to show that the trial court, sitting in a juvenile capacity, did in fact conduct a proper hearing to determine the question of waiver of jurisdiction, and there had been no such showing in the original transcript. The analogy of the *Edwards* case to this case is readily apparent.

This result surely is a just one. Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means. This is especially true in a case such as the one at bar where we prejudice no one by allowing the record to be corrected at this point.

Our new rules of procedure recognize this distinction between the necessity for an orderly presentation and processing of appeals and the "rigid adherence to a rule of procedure which [merely] perpetuates and compounds an acknowledged factual inaccuracy." *American States Ins. Co.* v. *State ex rel. Jennings* (1971), 273 N. E. 2d 306, 309 (dissenting opinion). Appellate Rule 7.2 (C) states:

> "If, on appeal, any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident, or is misstated therein, the trial court shall
> . . .
> (2) upon the order of the court of appeal pursuant to a properly filed petition for certiorari
> correct the omission or misstatement and if necessary certify and transmit a supplemental record.
> . . .
> Any court on appeal shall have full power to compel any inferior court, board, or officer exercising judicial functions, or other person, to certify to such court a full and complete transcript of the records and proceedings of any such tri-

bunal, board, officer or person, and the production of any paper, whenever it shall be necessary for the proper determination of any causes or proceeding pending before the court of appeal."

TR 60 (A) provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the court on appeal, and thereafter while the appeal is pending may be so corrected with leave of the court on appeal."

As was so aptly stated in the dissenting opinion to the denial of the Petition for Rehearing:

"While rules of procedure are necessary to provide stability in the conduct of litigation and in appeals therefrom, we should not permit ourselves to be so bound up in the letter of those rules that we lose sight of their spirit. Our function is to serve the truth and to decide legal issues, not clear our dockets by utilization of unnecessarily narrow technical interpretations."

*American States Insurance Co.* v. *State ex rel. Jennings* (1971), 273 N. E. 2d 306, 310 (dissenting opinion). These rules clearly indicate that the preferred procedure in this instance is to allow the record to be corrected and to consider the case on its merits. Failure to do so could result in a grave miscarriage of justice. We therefore remand this cause to the Court of Appeals with instructions to grant the Petition for Writ of Certiarari and for an opinion on the merits.

Petition for Transfer granted and the cause remanded to the Court of Appeals.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 283 N. E. 2d 529.