FLORENCE MURPHY, ADMINISTRATRIX *v.* INDIANA HARBOR
BELT RAILROAD COMPANY.

[No. 1271A250. Filed June 21, 1972.]

*Saul I. Ruman,* of Hammond, for appellant.
*Harold Abrahamson,* of Hammond, for appellee.

SHARP, J.—The Appellee has moved to dismiss this appeal alleging non-compliance with AP Rule 12(B) in regard to the service of the Appellant's brief upon counsel for the Appellee.

This court had extended the time for filing the Appellant's brief to and including May 22, 1972. On May 22, 1972, the Appellant's brief was filed with the Clerk of this Court by depositing the same in the United States mail in accord with the Appellate Rules. Service of a copy of the Appellant's brief was made on counsel for the Appellee at the latter's office in Hammond, Indiana, on May 23, 1972. In an affidavit filed herein it is asserted that the preparation of the Appellant's brief was not completed until after office hours on May 22, 1972, and that the same was delivered personally to the office of Appellee's counsel in Hammond, Indiana, on May 23, 1972.

The Appellant's brief was filed with the Clerk under the provisions of Appellate Rule 12(C) which states:

"Motions, petitions, briefs, the record of proceedings, and other papers will be deemed filed with the Clerk or served upon opposing party or his counsel upon the deposit of the same in the United States mail or with a properly bonded carrier, charges prepaid, properly·addressed, to the Clerk or to the opposing party or his counsel as the case may be."

There is no question that the filing of Appellant's brief with the Clerk of this Court was in accord with the rules and timely.

There have been numerous judicial expressions in regard to the philosophy and spirit of the rules of Civil Procedure, including the Appellate Rules, which became effective in Indiana on January 1, 1970. A recent expression of such opinion is *American States Insurance Company* v. *State of Indiana ex rel. Jennings* (1972), 258 Ind. 637, 283 N. E. 2d 529, in which Justice Hunter speaking for a unanimous Supreme Court stated:

> "Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means. This is especially true in a case such as the one at bar where we prejudice no one by allowing the record to be corrected at this point.

> Our new rules of procedure recognize this distinction between the necessity for an orderly presentation and processing of appeals and the 'rigid adherence to a rule of procedure which [merely] perpetuates and compounds an acknowledged factual inaccuracy.' American States Ins. Co. v. State ex rel. Jennings (1971), 273 N. E. 2d 306, 309 (dissenting opinion).

> \* \* \*

> As was so aptly stated in the dissenting opinion to the denial of the Petition for Rehearing:

> 'While rules of procedure are necessary to provide stability in the conduct of litigation and in appeals therefrom, we should not permit ourselves to be bound up in the letter of those rules that we lose sight of their spirit. Our function is to serve the truth and to decide legal issues, not clear our dockets by utilization of necessarily narrow technical interpretations.' " American States Insurance Co. v. State ex rel. Jetnnings (1971), 273 N. E. 2d 306, 310 (dissenting opinion).

Thus, our Supreme Court has unanimously adopted the above words written in dissent by Judge Sullivan and con-

curred in by three other judges of this court. Likewise, in *Lipinski* v. *Town of Chesterton* (1972), 256 Ind. 539, 270 N. E. 2d 738, our Supreme Court overruled a dismissal of an appeal by this court. For the opinion and dissent of this court see 256 N. E. 2d 580 (1971). Our Supreme Court in *Lipinski* again took a position consistent with a dissent written in this court by Judge White and concurred in by two other judges. In *Lipinski* our Supreme Court took a broad and liberal view of Appellate Rule 12(C).

A similar result may be found in *Brotherhood's Relief and Compensation Fund* v. *Smith* (1971), 267 N. E. 2d 187, in which this court had originally dismissed the appeal because of the alleged failure of Appellant's brief to comply with the Appellate Rules. Our Supreme Court, by order, remanded the case for a determination on the merits. These facts are outlined in a footnote found at 275 N. E. 2d 867 (1971).

For a further recent statement by our Supreme Court on the spirit and interpretation of the new rule demanding that cases be decided on their merits where possible see *State* v. *Heslar* (1972), 257 Ind. 625, 277 N. E. 2d 796.

Also, it is important to note the contents of *State ex rel. American Reclamation & Refining Co.* v. *Klatte* (1971), 256 Ind. 566, 270 N. E. 2d 872, in which our Supreme Court held that, although appellee's brief was not timely filed with the Clerk or served on opposing counsel, the court had, and exercised, discretionary power to consider appellee's brief.

There emerges from these recent actions and statements by our Supreme Court a discernable message to resolve the doubts in favor of deciding cases on their merits.

In addition to the statements of our Supreme Court, *Willsey* v. *Hartman* (1971), 149 Ind. App. 5, 269 N. E. 2d 172, and *State Board of Tax Commissioners* v. *Association Auto* (1971), 148 Ind. App. 611, 268 N. E. 2d 626, set forth the

basic and proper approach to a correct interpretation of the new rules.

The point is that AP Rule 12(B), while mandatory, does not specifically provide for a dismissal as does AP Rule 8.1(A) for failing to timely file a brief with the Clerk's Office. However, we did obtain jurisdiction of the case when the record of the proceedings was filed with the Clerk of the Supreme and Appellate Courts. See AP Rule 3(A). The only rule that mandates dismissal once jurisdiction is conferred is AP Rule 8.1(A) with which there was compliance here. Therefore, the only question is the failure of the Appellant to meet the requirement of AP Rule 12(B). We see no need for a construction of said rule which would automatically require dismissal for the failing of a party to serve opposing counsel at or before the time of filing. Such interpretation would also automatically require a court to at least disregard a brief that was not timely served on an appellee and yet, in *Klatte, supra,* the Supreme Court did not even consider the question.

AP Rule 12(C) permits service of briefs on opposing counsel by United States Mail. In this case Appellant filed her brief with the Clerk of this Court by depositing the same in the United States Mail as aforesaid. The brief was personally delivered to the office of Appellee's counsel on the following day. If it had been mailed to the Appellee's counsel on May 22, 1972, we know judicially that it would not have been delivered to Appellee's counsel in the ordinary course of United States Mail until sometime on May 23, 1972. This assumes the prompt and efficient delivery of United States Mail in Hammond, Indiana. Appellee's counsel actually received this brief on May 23, 1972. Thus, we hold that there was substantial compliance with the rules in regard to the service of this brief and the Appellee's counsel received Appellant's brief at the same time, or possibly earlier, than he would have received it had it been mailed on May 22, 1972.

This opinion should not be construed as an invitation for appellate counsel to play fast and loose with the rules. In this case Appellant's counsel took a chance with the rules that should have and could have been simply avoided. At all times appellate counsel should make a good faith attempt to diligently comply with the literal letter of the rules.

No harm is alleged or shown in this case by the Appellee and we believe that the new rules have endowed this court with discretion to excuse such technical failure if no one is unduly prejudiced thereby. To hold otherwise here would be to fall prey to the peril of becoming a slave to technicalities which Justice Hunter warned against in *Jennings, supra.*

We therefore hold that AP Rule 12(B) does not automatically require dismissal of this action but leaves it to the sound discretion of this court where justice so demands. We therefore overrule the Appellee's motion to dismiss

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported in 284, N. E. 2d 84.