STATE OF INDIANA ON THE RELATION OF JOHN J. DILLON, ATTORNEY GENERAL OF INDIANA *v.* DR. B. J. SHEPP, WILLIAM FITCH, WILLIAM HIRSCH, ADOLPH WOLF, DONALD DAVIS, ROMAN GEHLHAUSEN, J. D. CARTER, JOHN BERNARD, SOLOMON STEVENSON, REBECCA RATCLIFFE, DR. JACK PEMBERTON, BENJAMIN EVANS, RICHARD HEWITT, BENONI J. BIPPENS, ERNEST T. STRUMPFS, W. D. JONES, SANDRA GARRETT AND HARTFORD ACCIDENT AND INDEMNITY COMPANY.

[No. 1-274A27. Filed August 25, 1975. Rehearing denied October 1, 1975. Transfer denied March 29, 1976.]

*Jeffrey R. Kinney, Bamberger, Foreman, Oswald & Hahn,* of counsel, of Evansville, *Joe S. Hatfield, Fine, Hatfield, Sparrenberger & Fine,* of counsel, of Evansville, *John E. Early, Robert F. Stayman, Early, Arnold & Ziemer,* of counsel, of Evansville, *Charles G. Griffith, Johnson, Carroll & Griffith,* of counsel, of Evansville, *Timothy R. Dodd,* of Evansville, *Joseph W. Annakin, Jerry P. Baugh, Lacey, Terrell, Annakin, Heldt & Baugh,* of counsel, of Evansville. *John G. Bunner,* of Evansville, *Michael McCray,* of Evansville, for appellees.

ROBERTSON, C.J.—The State, plaintiff-appellant, brings this appeal from a negative judgment entered on its complaint for negligence against members of the Evansville-Vanderburgh Metropolitan Plan Commission, the defendants-appellees.

For reasons expressed herein, we dismiss the appeal.

The suit was initiated on the basis of a 1968 audit of the Commission by the State Board of Accounts. The examiners concluded that there was a discrepancy between the amounts tendered to the Vanderburgh County Auditor and the amounts which the Commission should have collected for the years 1963 through 1967.

The Attorney General of Indiana commenced suit based upon a claim of negligence against all persons who served as members of the Commission, the assistant executive secretary, and the secretary-bookkeeper and her surety. The complaint alleged that the defendants had negligently failed to exercise their duties of supervision and control and sought to recover "omitted receipts" due for the period 1963 through 1967.

The action was commenced on March 18, 1968, and trial

was conducted to the court on May 31, 1973, at which time the court heard evidence and took the matter under advisement. On August 9, 1973, the court entered judgment for the defendants.

The State brings this appeal.

The appellees contend that the appeal should be dismissed for the reason that the record does not disclose that defendant-appellee, Ernest Strumpfs, was ever served with copies of (1) State's petition for extension of time to file transcript, (2) State's petition for extension of time to file its brief and (3) State's brief in accordance with Ind. Rules of Procedure, Appellate Rules 2(B) and 12(B).

Service of papers upon all parties on appeal is required by AP. 2(B) which provides in pertinent part:

> "(B) Notice to Opposing Parties. All parties of record in the trial court shall be parties on appeal. Pursuant to the provisions of App. Rule 12, all opposing parties shall be served with a copy of all papers filed after the appeal is submitted."

AP. 12(B) requires service to be accomplished on or before the date of filing with this court and reads in pertinent part:

> "(B) Service of all Papers Required. Copies of all papers filed by any party shall, at or before the time of filing, be served by a party or a person acting for him on all other parties to the appeal or review. Service on a party represented by counsel shall be made on counsel."

Petitions for extension of time are governed by AP. 14(D) which requires that:

> "Notice of the application and a copy of the petition shall be served on the opposing party or his counsel in accordance with the provisions of Appellate Rule 12."

The record in this case shows that Ernest Strumpfs was named a party-defendant in the State's complaint and duly participated, pro se, in the trial below. Since Strumpfs was a party of record in the trial court he is a party upon appeal pursuant to AP. 2(B)

and was entitled to service of copies of all papers filed upon appeal.

However, the record discloses that the verified proofs of service filed with the State's petitions for extension of time and State's brief do not include the name of Strumpfs as a party upon whom service was made.

The law in Indiana is clear that failure to comply with the requirement of service upon all parties to the appeal will result in dismissal of the appeal. *Stephens* v. *Review Board of Indiana Employ. Sec. Div.* (1965), 137 Ind. App. 84, 205 N.E.2d 164; *Monroe* v. *Review Board of Ind. Employ. Sec. Div.* (1965), 135 Ind. App. 257, 193 N.E.2d 260; *Tolbert* v. *Kern* (1965), 139 Ind. App. 81, 210 N.E.2d 383; *Cole* v. *Pierson* (1966), 140 Ind. App. 212, 215 N.E.2d 40.

In *Stephens* v. *Review Board of Indiana Employ. Sec. Div.*, *supra,* one of two appellees was not served with appellant's petition to extend the time for filing his brief or the brief itself. The court dismissed the entire appeal noting the mandatory language of the rules requiring service upon all parties. The court stated that the rules required that service should be made on "each of the opposing parties or their counsel and not just one of them."

Moreover, those cases generally hold that the court has no alternative but to dismiss the appeal. As stated in *Cole* v. *Pierson, supra,*

"A failure to serve a brief on all the adverse parties or their counsel within the allotted time for filing of briefs results in a dismissal." 140 Ind. App. 212, 214, 215 N.E.2d 40, 41.

Thus, in accordance with this body of case law, we are bound to dismiss the present appeal. However, a more recent case suggests that dismissal is not mandatory.

In *Murphy* v. *Indiana Harbor Belt Railroad* (1972), 152 Ind. App. 455, 284 N.E.2d 84, the court held that non-compliance with the requirements of AP. 12(B) did not automatically require dismissal of the action. In that case

the appellant served a copy of his brief upon the appellee one day later than the time specified by AP. 12(B). The court stated:

"We therefore hold that AP. Rule 12(B) does not automatically require dismissal of this action but leaves it to the sound discretion of this court where justice so demands."

Since no prejudice to the appellee was shown by the failure to strictly comply with the rule, the court declined to dismiss the appeal.

*Murphy* is easily distinguishable from our present case. In *Murphy*, the appellant clearly violated AP. 12(B) by effecting service upon the appellees a day late. However, service was in fact made and the short delay did not prejudice the appellee. In our case, service was never effected upon one of the appellees. We do not believe that it is within our discretion to excuse a total failure to serve a party upon appeal.

Appeal dismissed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 332 N.E.2d 815.