Gospava SEKEREZ, Administratrix of the Estate of Risto Sekerez, deceased, Appellant (Plaintiff below),

v.

Thomas A. GEHRING, Appellee (Defendant below).

No. 3–680A172.

Court of Appeals of Indiana, Fourth District.

April 30, 1981.

---

Ronald L. Hoppes, Merrillville, for appellant.

Lester F. Murphy, Murphy, McAttee, Murphy & Costanza, East Chicago, for appellee.

CHIPMAN, Judge.

This is a wrongful death action brought by Gospava Sekerez, administratrix and widow of Risto Sekerez who died allegedly due to the medical malpractice of Thomas Gehring, M.D. Her complaint was dismissed for failing to state a claim upon which relief can be granted.

We reverse.

On appeal Gospava has raised the following issues:

I. Whether plaintiff's Second Amended Complaint was sufficient to withstand a 12(B)(6) Motion to Dismiss.

II. Whether the court, after sustaining defendant's motion to dismiss, should have waited ten (10) days before entering judgment.

III. Whether the Court's sustaining of defendant's motion to dismiss without excluding extraneous material that was on file was a reversible error.

IV. Whether the court abused its discretion when it denied plaintiff's motion to correct a typographical error in the amended complaint.

Due to our resolution of the first issue, we find it unnecessary to address the remaining three.

## FACTS

On August 21, 1975, Risto Sekerez, age 94, died while a patient at the St. Mary Medical Center in Hobart, Indiana. He entered the hospital suffering from numerous major and minor physical problems and was treated there by Dr. Gehring. Nearly two years later the decedent's administratrix filed a 1½ page complaint alleging Gehring had failed to administer proper medication to and perform proper clinical tests on the decedent, resulting in his death. On March 21, 1978, she filed a 10 count 55 page amended complaint which added several defendants stating with undue specificity the alleged acts of malpractice. All of the added defendants were dismissed by the court on December 1, 1978, as was the second of the 2 counts against Gehring, which sought damages for the widow, in that capacity,

for loss of society of her husband, and for her mental pain and anguish. The court did not rule on Gehring's motion to strike Count I for failing to state a "short and plain statement of the claim" in conformity with Ind. Rules of Procedure, Trial Rule 8(A)(1). On September 6, 1979, the court struck Count I for violating T.R. 8(A)(1) and gave Gospava four days to amend her complaint. On September 13, she sought and received permission to file her Second Amended Complaint.

In this complaint, Gospava alleged she was the administratrix of the decedent, that Gehring treated the decedent from August 12, 1975 to August 21, 1975, that he negligently prescribed medications for the decedent, that he failed to order necessary tests for the decedent, that he negligently failed to treat the decedent's ailing kidneys, heart and foot and abnormal electrolyte imbalance, and that,

"(27). As a proximate result of the aforementioned acts and/or inactions by the defendant, the decedent suffered physical pain and mental anguish.

(28). As a further proximate result of these acts and/or inactions, the decedent suffered injury to his health in general, and his blood, tissue, kidneys, and heart in particular.

(29). As a further proximate result of these acts and/or inactions, the injury suffered by the decedent greatly contributed to his wrongful death.

WHEREFORE, plaintiff prays judgment against defendant, for such sum as is reasonable, the costs of this action and such further relief as may be proper."

In response to this, Gehring filed a Motion to Dismiss under T.R. 12(B)(6) arguing Indiana law does not allow recovery for pain and suffering of a decedent as sought by paragraph 27, does not allow recovery for personal injury of a decedent sought by paragraph 28, and only allows recovery in wrongful death actions "if the actions attributed to the defendant caused or proximately caused the decedent's death," and not when the "injury suffered by the decedent greatly contributed to his wrongful

death," as stated in paragraph 29. Thirteen days later Gospava filed a Motion for Leave of Court to Correct Typographical Error in Paragraph Twenty-Nine of Plaintiff's Second Amended Complaint. She sought to change paragraph 29, to, "The aforementioned acts and omissions were the proximate cause of the decedent's wrongful death."

Three days later, after a hearing on these motions, the court made the following entry.

"And now this matter is before the Court on this 4th day of October, 1979 on the Motion to Dismiss, filed by Dr. Thomas A. Gehring, pursuant to Trial Rule (B)(6). (sic)

Argument of counsel is heard and it appears to the Court that the plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted for the reason that as a matter of (sic) no recovery can be had for pain and suffering of the decedent, and no action for personal injury of the decedent survives his death so as to allow the plaintiff herein to recover.

Further, the plaintiff is entitled to recover in an action of this type only if the action of the defendant was the proximate cause of the decedent's death and not because the "injury suffered by the decedent greatly contributed to his wrongful death"; and for the above reasons the Motion to Dismiss the Amended Complaint should be sustained.

And now the Court considers the motion of the plaintiff to correct a typographical error in paragraph 29 of the plaintiff's Second Amended Complaint.

Argument is heard and it appears to the Court that the motion of the plaintiff for leave to correct a typographical error should be denied for the reason that the plaintiff has failed to show good and proper cause to amend her Second Amended Complaint.

## SUFFICIENCY OF THE COMPLAINT

We agree with the trial court that no recovery can be had for pain and suffering of the decedent, *Pittsburgh, C., C. & St.L. Ry.Co. v. Brown*, (1912) 178 Ind. 11, 97 N.E.

145 and that no action for personal injury of the decedent survives his death[1] and that the actions of the defendant must proximately cause the decedent's death but it is our opinion the Second Amended Complaint sufficiently alleges proximate cause despite the omission of those exact words. For this reason we believe the trial court erred in granting the Motion to Dismiss.[2]

■ In reviewing the sufficiency of a complaint "[w]e must consider whether in the light most favorable to the plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claim. *Needham v. Fred's Frozen Foods, Inc.* (1977), Ind.App., 359 N.E.2d 544; *Dubois County Machine Co. v. Blessinger* (1971), 149 Ind.App. 594, 274 N.E.2d 279." *Parker v. State*, (1980) Ind.App., 400 N.E.2d 796, 798.

"[I]n a typical 12(B)(6) situation, a complaint is not subject to dismissal unless it *appears to a certainty* that the plaintiff would not be entitled to relief under *any set of facts. Sacks v. American Feltcher National Bank and Trust Co.* (1972), [258] Ind. [189], 279 N.E.2d 807. See also *Gladis v. Melloh* (1971), [149] Ind.App. [466], 273 N.E.2d 767; *Wyant v. Lobdell* (1972), [150] Ind.App. [675], 277 N.E.2d 595. The rules do *not* require that the complaint state all the elements of a cause of action. It must be remembered that our new rules are based on so-called notice pleadings in which a plaintiff essentially need only plead the operative facts involved in the litigation. Other means less drastic than dismissal of the action can be used to clarify the theory and basis for the cause of action. Among these are a Motion for a more definite statement under TR. 12(E), our very broad discovery rules, and the pre-trial conference under TR. 16(A)(1)." (emphasis in the original) *State v. Rankin*, (1973) 260 Ind. 228, 294 N.E.2d 604, 606.

■ The purpose of notice pleadings was discussed by the court in *Farm Bureau In-surance Company v. Clinton*, (1971) 149 Ind. App. 36, 269 N.E.2d 780, 782–83.

"The purpose of this liberalization is to avoid the denial of a trial to an alleged injured party due to technicalities or human error in the drafting of a complaint. It is this court's opinion that the only feasible way of accomplishing this goal is to adhere to the intent of the new rules by requiring only notice to the defendants in a clear and concise statement that the plaintiffs have a claim for relief.

Pursuant to this notification, the attorneys for both parties will have *ample* opportunity in discovery and pre-trial conference to learn of any and all facts necessary to fully represent the interests of their clients and at the same time avoid the denial of plaintiff's day in court due to a faulty pleading of a complaint based upon a technical error." (emphasis in the original)

We believe the Second Amended Complaint, although not a model of good draftsmanship, sufficiently puts Gehring on notice that he is being sued for the wrongful death of the decedent due to his alleged medical malpractice, especially since both parties had pursued in depth discovery on this case for over 2 years prior to the court's ruling.

■ Before filing his brief on appeal, Gehring submitted a motion to dismiss Gospava's appeal for failing to serve her Motion to Correct Errors on opposing counsel within 60 days from the date of judgment as required by T.R. 5(A) and T.R. 59(C). The record shows that on the 60th day, December 3, 1979, counsel for Gospava mailed a copy of the Motion to Correct Errors by certified mail to Judge Staffeldt in compliance with T.R. 5(E). The postmark on opposing counsel's copy was dated December 4. In ruling on plaintiff's Motion to Correct Errors the court found it was untimely served upon opposing counsel as well as insufficient on its merits.

1. While this statement is true based on the facts involved and theories pursued in this case it is not necessarily true under Ind. Code 34–1–1–1.

2. Under T.R. 12(F) the court could have properly struck paragraphs 27 and 28 from the complaint.

In *Murphy v. Indiana Harbor Belt Railroad Company*, (1972) 152 Ind.App. 455, 284 N.E.2d 84, the court was faced with a similar situation in which the appellee was served with an appellant's brief one day late. After reiterating our court's preference to decide cases on their merits whenever possible, the opinion went on to hold that since no harm was alleged or shown by the appellee, the court would decide the case on its merits. Likewise in this case no prejudice has been alleged and we prefer to decide this case on its merits.

In reaching this decision we are mindful of the holding in *State ex rel. Dillon v. Shepp*, (1975) 165 Ind.App. 453, 332 N.E.2d 815. There the court held a failure to serve a brief on opposing counsel within the allotted time for filing briefs results in a dismissal. In that case, however, one of the parties was never served with the State's petition for extension of time or its brief. The court cited *Murphy* and distinguished the total failure to serve from the failure to timely serve. Without deciding whether counsel for Gehring was timely served, we find no evidence of any prejudice if the service was untimely.

This case is reversed and remanded.

YOUNG, P.J., and MILLER, J., concur.