In the Matter of the ESTATE OF Murrell BELANGER, Sr.

Donna HANIFORD & Johanna Schmal, Plaintiffs,

v.

Emily V. BELANGER, Defendant.

Robert A. BELANGER, Murrell Belanger, III, & John Belanger, Appellants-Plaintiffs,

v.

Emily V. BELANGER, et al., Appellees-Defendants.

No. 3–281A52.

Court of Appeals of Indiana, Fourth District.

June 16, 1982.

Transfer Denied Sept. 8, 1982.

Harold Abrahamson, Abrahamson, Reed & Tanasijevich, Hammond, for appellants-plaintiffs.

Lester F. Murphy, Murphy, McAtee, Murphy & Costanza, East Chicago, for appellees-defendants.

## ON PETITION FOR REHEARING

CONOVER, Judge.

The legatees under the will of Murrell Belanger, defendants/appellees below, petition this court to reconsider and reverse our previous decision in this matter, *Belanger v. Belanger*, (1982) Ind.App., 433 N.E.2d 39. Before we can respond to petitioner's arguments we must first dispose of an antecedent issue raised by the Belanger children and grandchildren, respondents, plaintiffs/appellants below.

■ Respondents have submitted a motion to strike the petition for rehearing for failure to serve the petition for rehearing on appellants. We first note that the appropriate motion in this situation is one for dismissal. *State ex rel. Dillon v. Shepp*, (1975) 165 Ind.App. 453, 332 N.E.2d 815. The motion requests dismissal in the prayer for relief and we will treat the motion as one for dismissal.

Respondents allege they did not receive a copy of the petition for rehearing, although they did receive the supporting brief. Petitioners responded with their own affidavits, stating they deposited the petition in first class United States mail with sufficient postage to insure delivery to the respondent's attorney. They also personally served a copy of the petition upon the respondents after the motion for dismissal.

■ Failure to serve all necessary papers upon an opposing party may result in dismissal, *State ex rel. Dillon v. Shepp, supra*, although dismissal is not the sole remedy available. The appellate courts "may order such additional notice as justice may require." Ind.Rules of Procedure, Appellate Rule 2(B). A number of remedial factors make dismissal unnecessary. Petitioners made personal service after they received the motion to dismiss. The supporting brief of petitioners sets out the reasons a rehearing is sought in concise statements, much as required in a petition for rehearing. Such measures informed the respondents of the substance of petitioners' argument and permitted respondents to file an opposing brief. We conclude that the respondents were not prejudiced by failure of service and their motion to dismiss is denied.

■ Despite the previous ruling we must still deny the petition for rehearing. Petitioner's argument is that the testimony of a witness to the Belanger will did not create a genuine issue of material fact that would void a grant of summary judgment. Ind. Rules of Procedure, Trial Rule 56. Petitioners contend the testimony was so insignificant in relation to the testimony of other witnesses that it could create no material issue of fact, citing *Stuteville v. Downing*, (1979) Ind.App., 391 N.E.2d 629, as authori-

ty for such contention. Within that case is the following quote:

"However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation." *Hayes v. Second National Bank of Richmond*, (1978) Ind.App., 375 N.E.2d 647, 650 (citations omitted).

The legatees of the Belanger will use that language to support their argument that one affidavit, contradicted by several other witnesses' testimony does not create a factual issue. The opposite is the proper conclusion. Matters going to the proper execution of a will are genuine issues of fact.

This case presents a material issue of fact because the testimony must be dealt with before the issue may be resolved. Resolution of disputed facts is proper only when done by a trier of fact.

The petition for rehearing is denied.

MILLER, P. J., and YOUNG, J., concur.