**STATE of Indiana, Appellant,**

v.

**Luciano MONSERRATE, Appellee.**

No. 482S129.

Supreme Court of Indiana.

Dec. 27, 1982.

Linley E. Pearson, Atty. Gen., Indianapolis, Jack F. Crawford, Pros. Atty., Lake County, Robert G. Berger, Charles E. Stewart, Jr., Deputy Pros. Attys., Lake County, Crown Point, for appellant.

Terry C. Gray, Gary, for appellee.

GIVAN, Chief Justice.

The State of Indiana appeals an order granting appellee's petition for post-conviction relief and new trial. Appellee Monserrate was convicted of first degree murder. He subsequently appealed his conviction which was reversed in *Monserrate v. State,* (1971) 256 Ind. 623, 271 N.E.2d 420. On retrial, he was again convicted of first degree murder. His appeal of his second conviction was unsuccessful. *Monserrate v. State,* (1976) 265 Ind. 153, 352 N.E.2d 721. Appellee petitioned for post-conviction relief. After having conducted an evidentiary hearing on October 20, 1981, the trial court granted the appellee's petition and ordered a new trial.

In response to the State's appeal, appellee filed a motion to dismiss. He alleges an array of procedural errors in support of his motion. The appellant filed the record with the Clerk of the Supreme Court on March 30, 1982. He thereafter filed by mail appellant's brief, affidavit of filing and proof of service on April 29, 1982. Appellant withdrew the record from the Clerk's office and failed to return it until June 28, 1982. Therefore, the record was not available to appellee from April 29, 1982 to June 28, 1982. Appellee's brief was due May 29, 1982. The proper procedure when a party withdraws the record to aid in preparation of his brief is to return it when the brief is filed.

Appellee alleges in his verified motion to dismiss that appellant wholly failed to give notice, provide signed copies of any motions filed or serve a copy of appellant's brief on him until it was hand delivered on July 12, 1982, after appellant was instructed by the Administrator of this Court to do so.

Appellate Rule 2(B), Appellate Rules of Procedure, reads:

"(B) Notice to Opposing Parties. All parties of record in the trial court shall be parties on appeal. Pursuant to the provisions of Appellate Rule 12, all opposing parties shall be served with a copy of all papers filed after the appeal is submitted. The appellate tribunal may order such additional notice to the parties as justice may require. Amended Nov. 30, 1971, eff. as to all appeals where the Motion to Correct Errors is filed on or after April 1, 1972."

Appellate Rule 12(B), Appellate Rules of Procedure, reads:

"(B) Service of All Papers Required. Copies of all papers filed by any party shall, at or before the time of filing, be served by a party or a person acting for him on all other parties to the appeal or review. Service on a party represented by counsel shall be made on counsel. Service may be personal or by the manner prescribed in subdivision (C) below. Personal service includes delivery of the copy to a clerk or other responsible person at the office of counsel."

 "The cases are clear that an appeal is subject to dismissal if appellant fails to serve a copy of the brief on appellee within the time allowed." *Howard County Council v. State ex rel. Osborn,* (1966) 247 Ind. 279, 281, 215 N.E.2d 191, 192; *State ex rel. Dillon v. Shepp,* (1975) 165 Ind.App. 463, 332 N.E.2d 815. The bulk of the case law indicates dismissal is mandatory. However, as cited by the Court of Appeals in *State ex rel. Dillon, supra, Murphy v. Indiana Harbor Belt Railroad,* (1972) 152 Ind.App. 455, 284 N.E.2d 84 stands for the proposition that noncompliance with Rule 12(B) does not automatically require dismissal of the appeal but is subject to the sound discretion of the appellate court. In *Murphy,* the appellee was served with appellant's brief one day beyond the time limitations of Appellate Rule 12(B). The court denied appellee's motion to dismiss.

 However, the circumstances in the case at bar are clearly distinguishable from *Murphy.* Appellant served a copy of its brief on appellee upon prompting by this Court's Administrator, two and a half months after it filed its brief with this Court. It continued possession of the record nearly two months after filing its brief and one month beyond the due date of appellee's brief.

We note further irregularities in procedure. Appellant has failed to comply with Rule 7.2(A)(3)(a) which reads in pertinent part:

"Notations shall be made on the margin of each page of the transcript indicating all motions and ruling thereon; the several parts of the pleadings; the exhibits, if any; the instructions given and refused; all rulings of the court; and where the evidence is set out by deposition or otherwise, the name of each witness, and whether the examination is direct, cross or redirect."

No marginal notations of any kind appear in the transcript of evidence.

Rule PC 1, Section 9(b), Indiana Rules of Procedure for Post-Conviction Remedies, states:

"(b) State. The prosecuting attorney of the circuit in which the court of conviction is situated shall represent the State of Indiana in the court of conviction and the Attorney General of Indiana shall represent the State of Indiana on any appeal pursuant to this rule."

The Lake County Prosecutor initiated the prosecution of this appeal contrary to the above rule. The Attorney General of the State of Indiana entered his appearance in this cause on July 16, 1982.

We are mindful that our procedural rules "are merely means for achieving the ultimate end of orderly and speedy justice." *American States Insurance Co. v. Jennings,* (1972) 258 Ind. 637, 640, 283 N.E.2d 529, 531. Where as here, an appeal is prosecuted without regard for the procedural rules providing for service on the appellee, we will in our sound discretion dismiss the appeal for noncompliance.

Therefore, appellee's motion to dismiss the appeal is granted.

All Justices concur.