STATE of Indiana, Appellant–Plaintiff,

v.

Boris SAGALOVSKY, Appellee–
Defendant.

No. 45A05–0411–CR–637.

Court of Appeals of Indiana.

Oct. 13, 2005.

Transfer Denied Dec. 15, 2005.

Steve Carter, Attorney General of Indiana, Maureen Ann Bartolo, Deputy Attorney General, Indianapolis, for Appellant.

John S. Dull, Merrillville, for Appellee.

## OPINION

MATHIAS, Judge.

The State of Indiana (the "State") appeals from the Lake Superior Court's grant of Boris Sagalovsky's ("Sagalovsky") Motion to Dismiss the charging information against him. The State raises two issues:

I. Whether the trial court erred when it granted Sagalovsky's Motion to Dismiss on the ground that a delay between arrest and the filing of charges, properly within the statute of limitations, violated Sagalovsky's Sixth Amendment right to a speedy trial; and,

II. Whether the trial court erred when it found a violation of Sagalovsky's right to a fair trial when the record was devoid of any evidence to show that the State intentionally withheld bringing forth charges.

Sagalovsky raises an additional issue:

III. Whether the State's failure to serve Sagalovsky or his attorney

with a copy of the Notice of Appeal, as required by Indiana Appellate Rule 9 A(1), warrants affirmation of the trial court's dismissal without a requirement by Sagalovsky to show prejudice. Concluding that 1) the State's failure to serve Sagalovsky or his attorney with a copy of the Notice of Appeal does not warrant dismissal, 2) there was no violation of Sagalovsky's right to a speedy trial, and 3) there was no violation of Sagalovsky's right to a fair trial, the trial court improperly granted Sagalovsky's Motion to Dismiss. Accordingly, we reverse and remand.

## Facts and Procedural History

On or about January 18, 2003, at approximately 11:23 p.m., Indiana State Trooper Brian McCall ("Trooper McCall") observed a vehicle driven by Sagalovsky swerving in between lanes and driving off the road. Appellant's App. pp. 201–02. Trooper McCall initiated a traffic stop. As Trooper McCall approached Sagalovsky's vehicle, he noticed a strong odor of alcohol coming from the vehicle. Additionally, Trooper McCall observed that Sagalovsky's speech and balance were indicative of intoxication. Appellant's App. pp. 202–03. Sagalovsky was arrested on suspicion of operating while intoxicated and operating while intoxicated while endangering a person. Appellant's App. p. 12. He was released on bond.

Trooper McCall worked on the arrest documentation and entered the information into his computer from his vehicle, but failed to file the paperwork. Appellant's App. p. 205. He cited a heavy workload, including 190 crashes, 30 other cases and numerous arrests as reasons for not submitting the paperwork. *Id.* In December 2003, Trooper McCall realized that he had forgotten about the file and completed the probable cause affidavit. However, he did not present the paperwork to the prosecutor's office at that time, citing a busy winter work schedule due to winter storms and memory failure due to the death of a colleague in the line of duty. Appellant's App. pp. 205–06. Trooper McCall turned the paperwork in to the prosecutor's office in March 2004 upon finding it in a pile of folders in his vehicle. On April 6, 2004, the State filed its charging information, charging Sagalovsky with operating while intoxicated, a Class C misdemeanor and operating while intoxicated endangering a person, a Class A misdemeanor.[1] Appellant's App. pp. 10–17. The total delay between Sagalovsky's arrest and the filing of criminal charges was approximately 15 months.

On May 13, 2004, Sagalovsky filed a Motion to Dismiss, in which he argued, *inter alia,* that the delay between his arrest and the date the charging information was filed violated his right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 12 of the Indiana Constitution. Appellant's App. pp. 23–40. Sagalovsky also alleged that his due process rights had been violated. *Id.* On May 28, 2004, the State filed its response. The State argued, *inter alia,* that Sagalovsky failed to show how his defense had been prejudiced, and asked the court to deny the Motion to Dismiss. Appellant's App. pp. 41–50. On that same date, the trial court denied Sagalovsky's Motion to Dismiss and Sagalovsky then filed an

---

1. The trial court issued a finding that "Lake County Prosecutor Shontrae Irving testified that there was no other reason for not filing the Information except the fact that he started his employment with the Lake County Prosecutor's Office in January, 2004." Tr. Ct. Order p. 2.

Amended Motion to Dismiss. On July 9, 2004, the trial court conducted a hearing on Sagalovsky's amended motion.

On August 23, 2004, the trial court issued its order, together with Findings of Fact, Legal Authority, Legal Analysis, and Judgment, finding that (1) Sagalovsky's Sixth Amendment right and Due Process rights under the Fourteenth Amendment had been violated due to an unjustifiable delay that prejudiced Sagalovsky's ability to adequately develop, prepare and present his legal defense; and (2) under Article I, Section 12 of the Indiana Constitution, Sagalovsky demonstrated prejudicial effect resulting from unjustifiable delay. Tr. Ct. Order pp. 1–5. As such, the trial court granted Sagalovsky's Motion for Dismissal of all charges arising from the matter, with prejudice.

On September 3, 2004, the State filed a Notice of Appeal in open court bearing the trial court clerk's stamp. Neither Sagalovsky nor his attorney was present. Appellant's App. pp. 95–96. In a sworn affidavit, Stacy Hazard, the legal assistant and sole person responsible for receiving mail for Sagalovsky's attorney, declared that she never received a copy of the Notice of Appeal or a copy of the Notice of Completion of the Clerk's Record. Appellant's App. pp. 164–66. On December 22, 2004, Sagalovsky filed a Motion of Appellee to Dismiss Appeal, alleging that the State failed to timely file its Notice of Appeal. On February 9, 2005, this court granted Sagalovsky's motion and dismissed this appeal with prejudice. Appellant's App. pp. 105–07.

On March 9, 2005, the State filed a Petition for Rehearing. On April 5, 2005, this court granted the State's petition and reinstated this appeal. Appellant's App.

pp. 119–21. On April 12, 2005, Sagalovsky filed a Second Motion to Dismiss, or in the alternative, a Motion to Reinstate Dismissal of February 9, 2005. On April 15, 2005, the State filed a Verified Response to Sagalovsky's motion. In an order dated May 27, 2005, this court denied Sagalovsky's Second Motion to Dismiss. Additional facts will be provided as necessary.

## Discussion and Decision

The State contends that the trial court improperly dismissed the charges filed against Sagalovsky. This issue is a question of law, and we therefore review the matter *de novo*. *Wilcox v. State*, 748 N.E.2d 906, 909 (Ind.Ct.App.2001), *trans. denied*. Under this standard, appellate courts owe no deference to the trial court's legal conclusions. *Hill v. Ebbets Partners Ltd.*, 812 N.E.2d 1060, 1063 (Ind.Ct.App. 2004).

### I. Service of the Notice of Appeal [2]

■ Sagalovsky argues that this court should affirm the trial court's dismissal, alleging that the State's Notice of Appeal was never served on Sagalovsky or his attorney as required by Indiana Appellate Rule 9 A(1), which states, in relevant part:

### A. Filing the Notice of Appeal.

(1) *Appeals from Final Judgments*. A party initiates an appeal by filing ... Copies of the Notice of Appeal, which need not be file stamped by the trial court clerk, shall be served on all parties of record in the trial court, the Clerk, and upon the Attorney General in all Criminal Appeals and any appeals from a final judgment declaring a state statute unconstitutional in whole or in part.

Ind.App. R. 9 A(1) (emphasis in original).

■ In an order dated May 27, 2005, the motions panel of our court denied the

---

**2.** Due to the dispositive nature of this procedural issue, we address it first, even though raised by Sagalovsky, the Appellee, since a determination in Sagalovsky's favor would render the State's claims moot and dispose of this appeal.

motion. "The Court also finds that serving a copy of the Notice of Appeal on the Clerk of the Court and all parties of record is not a jurisdictional prerequisite to an appeal." In his brief, Sagalovsky again argues that the State's appeal should be dismissed for failure to comply with the service requirement of Appellate Rule 9 A(1). *See* Br. of Appellee pp. 1, 5–6, 8–11. Our court may reconsider a ruling by the motions panel. *Oxford Fin. Group, Ltd. v. Evans*, 795 N.E.2d 1135, 1141 (Ind.Ct.App. 2003). However, "we decline to do so in the absence of clear authority establishing that it erred as a matter of law." *Id.*

 The failure to serve all necessary papers upon an opposing party in an appeal *may* result in dismissal. *In the Matter of Estate of Belanger*, 437 N.E.2d 90, 91 (Ind.Ct.App.1982) (emphasis added). However, dismissal is not mandatory. *See Murphy v. Ind. Harbor Belt R.R. Co.*, 152 Ind.App. 455, 284 N.E.2d 84, 86 (1972) (noting that "AP. Rule 12(B), while mandatory, does not specifically provide for a dismissal as does AP. Rule 8.1(A) for failing to timely file a brief with the Clerk's Office.").[3] In *Murphy*, this court held that Appellate Rule 12(B), now incorporated into Appellate Rule 9 A(1), "does not automatically require dismissal of this action but leaves it to the sound discretion of this court where justice so demands." *Id.* at 87.

In *American States Insurance Co. v. State of Indiana ex rel. Jennings, Ind.*, 258 Ind. 637, 283 N.E.2d 529 (1972), our supreme court expressed its opinion regarding the philosophy and spirit of the Appellate Rules when it stated:

> Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means.

*Id.* at 531. In light of our supreme court's approach to the Appellate Rules, as well as the discretionary nature of our review related to this issue, we adopt our motions panel's decision to deny Sagalovsky's Second Motion to Dismiss the appeal.

## II. Right to a Speedy Trial

 The Sixth Amendment to the United States Constitution[4] and Article I, Section 12 of the Indiana Constitution[5] guarantee one's right to a speedy trial. Indiana Code Section 35–41–4–2 further establishes this right by setting forth deadlines to prosecute. With respect to

---

**3.** Former Appellate Rule 12(B) stated, in part, that "Copies of all papers filed by any party shall, at or before the time of filing, be served by a party or a person acting for him on all other parties to the appeal or review. Service on a party represented by counsel shall be made on counsel."

**4.** "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusa-

tion; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

**5.** "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Ind. Const., Art. I, Sec. 12 (amended 1984).

misdemeanor offenses, the relevant statute of limitation is as follows:

> (a) Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced:
>
> (2) within two (2) years after the commission of the offense, in the case of a misdemeanor.

See Ind.Code § 35–41–4–2 (2004). "A statute of limitation exists primarily to insure against prejudice and injustice to a defendant occasioned by a delay in prosecution." State v. Jones et. al, 783 N.E.2d 784, 786–87 (Ind.Ct.App.2003) (citing Roberts v. State, 712 N.E.2d 23, 31 (Ind.Ct.App.1999)).

 Generally, criminal charges filed within the statute of limitations are considered timely. Johnson v. State, 810 N.E.2d 772, 775 (Ind.Ct.App.2004), trans. denied. Nevertheless, even where charges are brought within the statutory period, undue delay in filing charges that causes prejudice to the defendant may constitute a violation of the due process rights of the defendant. Patterson v. State, 495 N.E.2d 714, 718 (Ind.1986). However, the mere passage of time is not presumed to be prejudicial, and the burden is on the defendant to show that the delay was unduly prejudicial by making specific and concrete allegations of prejudice that are supported by the evidence. Allen v. State, 813 N.E.2d 349, 366 (Ind.Ct.App.2004), trans. denied.

 In considering a claim that a defendant was deprived of his right to a speedy trial under the Sixth Amendment and the Indiana Constitution, this court applies the analysis established in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). See May v. State, 793 N.E.2d 1157, 1163 (Ind.Ct.App.2003), trans. denied. The Barker analysis utilizes four factors: 1) the length of the delay, 2) defendant's assertion of his right, 3) the

government's reason for the delay, and 4) the prejudice to the defendant. Id. (citing Barker, 407 U.S. at 530, 92 S.Ct. 2182). However, the Supreme Court of the United States has also stated that "[t]here is no need to press the Sixth Amendment into service to guard against the mere possibility that pre-accusation delays will prejudice the defense in a criminal case since statutes of limitation already perform that function." Toussie v. United States, 397 U.S. 112, 114–15, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970).

 Here, the offense was committed on January 18, 2003, and the charging information was filed on April 6, 2004. Appellant's App. pp. 10–20. Thus, there was a delay of more than fourteen months; but said lapse of time is well within the statute of limitations period of twenty-four months for a misdemeanor offense. See Ind.Code § 35–41–4–2(a)(2) (2004). We agree with the State's contention that the Barker analysis is not invoked, as the interval between accusation and trial has not crossed the threshold dividing ordinary from "presumptively prejudicial" delay. See Doggett v. United States, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Prosecutors are not under a duty to bring charges as soon as probable cause exists. Allen, 813 N.E.2d at 368. In fact, they are vested with broad discretion in the performance of their duties, and such discretion includes the decision of whether and when to prosecute. Id.

Furthermore, and quite importantly, Sagalovsky has failed to satisfy his burden to show that the delay was unduly prejudicial to him. He has made none of the specific and concrete allegations of prejudice that are supported by the evidence. See Allen, 813 N.E.2d at 366. As such, we find that the trial court erred when it determined

that Sagalovsky's Sixth Amendment right to a speedy trial was violated.

### III. Right to a Fair Trial

Due process requires dismissal of a charge if it can be shown that a delay caused substantial prejudice to a defendant's right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. *Doggett*, 505 U.S. at 666, 112 S.Ct. 2686. "[I]f the prosecution deliberately utilizes delay to strengthen its position by weakening that of the defense or otherwise impairs a defendant's right to a fair trial, an inordinate pre-indictment delay may be found to violate a defendant's due process rights." *Johnson*, 810 N.E.2d at 775.

Here, there is no evidence in the record that Trooper McCall or any other government official intentionally delayed processing the arrest paperwork upon which the charges against Sagalovsky were heard. Trooper McCall presented evidence that his failure to turn in the paperwork was because he simply forgot that the file was in his vehicle due to his workload. Appellant's App. pp. 205–06. According to Trooper McCall, there was no intentional delay on his part in filing the paperwork between the time of the arrest and the time that it was actually filed. Appellant's App. p. 206. While it is possible that Trooper McCall may have been negligent in his handling of the paperwork related to Sagalovsky's matter, the evidence presented fails to establish any intentional misconduct.

Here, Trooper McCall testified that he turned the paperwork into the prosecutor's office in March of 2004 upon finding it in a pile of papers in his vehicle. Appellant's App. p. 229. The Prosecutor's office signed the information on April 6, 2004. Appellant's App. pp. 10–12. There is no evidence in the record that this additional delay was intentional on the State's part to gain a tactical advantage. As such, the State did not violate Sagalovsky's right to a fair trial.

### Conclusion

We conclude that the State's failure to serve Sagalovsky or his attorney with a copy of the Notice of Appeal does not warrant dismissal. While the delay between the arrest and charges was regrettable, there were no violations of Sagalovsky's rights to a speedy trial or fair trial. The trial court therefore erred when it granted Sagalovsky's Motion to Dismiss. We therefore reverse and remand for proceedings consistent with this opinion.

RILEY, J., concurs.

BAKER, J., concurs in part and dissents in part with opinion.

BAKER, Judge, concurring in part and dissenting in part.

I concur with the majority's opinion as to Parts II and III, but I must dissent from the majority's adoption of our motions panel's decision to deny Sagalovsky's Second Motion to Dismiss the appeal.

The majority correctly notes that the purpose of the procedural rules is to ensure orderly and speedy justice and that we must not become slaves to technicalities. *Am. States Ins. Co. v. State of Ind. ex rel. Jennings, Ind.*, 258 Ind. 637, 283 N.E.2d 529, 531 (1972). But it seems to me that our aversion to technicalities has overcome Sagalovsky's right to speedy justice in this case.

Not only did it take the State nearly fifteen months to begin the prosecution of Sagalovsky's case, but the State also failed to timely notify him of its appeal. In fact, Sagalovsky was never served with a separate notice of appeal and did not learn about the existence of the appeal until the State's Appellant's Brief, which included a

notice of appeal, was served upon him seven months after the notice of appeal had been filed. This is simply inexcusable. Furthermore, it violates the purpose of the procedural rules—to provide speedy justice. The State has not yet shown a willingness to do so in Sagalovsky's case. Although late service may constitute substantial compliance, *Murphy v. Ind. Harbor Belt R.R. Co.*, 152 Ind.App. 455, 459, 284 N.E.2d 84, 87 (1972), no remedial steps were taken by the State to serve Sagalovsky in a reasonable manner. Thus, it appears to me that the motions panel erred as a matter of law by denying Sagalovsky's motion for dismissal. Therefore, I vote to dismiss the appeal on this basis.