RUCKER, Justice,
dissenting.
I agree with the majority that the appropriate standard for judging the performance of Post-Conviction Rule 2 counsel is the standard set forth in Baum v. State, 533 N.E.2d 1200 (Ind.1989). And the majority makes a respectable though intricate argument that Hill’s counsel was not ineffective under Baum. But at the end of *153 the day all Hill seeks is appellate review of his fifty-two year sentence, something he has thus far been denied. Our rules should not be applied so rigorously or our case law dissected so finely as to deny a defendant in Hill’s position the opportunity to make his best effort in challenging the sentence imposed. As this Court has observed, “ ‘[although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means.’ ” Meredith v. State, 679 N.E.2d 1309, 1311 (Ind.1997) (quoting Am. States Ins. Co. v. State, 258 Ind. 637, 283 N.E.2d 529, 531 (1972)). Applying this principle to the case before us, I join my colleagues on the Court of Appeals and conclude that Hill should be allowed to appeal the denial of his petition to file a belated direct appeal. Therefore I respectfully dissent.