**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

TYRONE WALKER,                                  )
                                                )
    Appellant-Defendant,                       )
                                                )
        vs.                                   )   No.  49A02-1211-CR-933
                                                )
STATE OF INDIANA,                               )
                                                )
    Appellee-Plaintiff.                        )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara A. Collins, Judge
The Honorable Deborah J. Shook, Commissioner
Cause No. 49F08-1206-CM-39880

**June 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Tyrone Walker ("Walker") appeals his conviction for Possession of Marijuana, as a Class A misdemeanor.[1] He presents the sole issue of whether sufficient evidence supports the conviction. We reverse.

**Facts and Procedural History**

During the afternoon of May 31, 2012, Officer Philip Bulfer of the Indianapolis Metropolitan Police Department ("Officer Bulfer") was observing a "hot spot" for narcotics activity when his attention was drawn to a vehicle occupied by three black males. (Tr. 5.) It was parked at the site of a recent drug arrest, and a check of the vehicle license plate revealed that the vehicle had been involved in an incident a year earlier in which a black man had fled from police. Officer Bulfer decided to investigate because he believed that the men had committed "some sort of crime." (Tr. 11.)

He and other officers followed the vehicle until it parked near 20th and Rochester Streets. Officer Bulfer asked to search the vehicle and the driver, Devin Jefferson, gave consent to search. Passengers Walker and Adrian Jefferson walked away from the vehicle and moved to a nearby porch.

During the search, Officer Bulfer noticed "small specks" of a green leafy substance on the floorboards of the vehicle. (Tr. 14.) A black scale, with particles of a green leafy substance, was found inside the glove box. Officer Bulfer approached the three former

---

[1] Ind. Code § 35-48-4-11. This section has now been re-codified. We refer to the statute in effect at the time the offense was charged.

2

vehicle occupants, read them their <u>Miranda</u>[2] rights, and inquired about ownership of the scale. Walker claimed to own the scale.

Walker was charged with Possession of Marijuana, in an aggregate amount of less than thirty grams. During the bench trial on October 24, 2012, a laboratory report was admitted into evidence by stipulation of the parties. The report stated that Tetrahydrocannabinol residue had been found on the scale. Walker moved to dismiss the charge against him, observing that the laboratory report did not state that a measurable amount of marijuana was found. The motion to dismiss was denied and the trial court found Walker guilty as charged.

Walker was given a sentence of 365 days, with 363 days suspended, and was placed on mental health probation and ordered to receive a substance abuse evaluation. Walker appeals.

## Discussion and Decision

To convict Walker of Possession of Marijuana, as charged, the State was required to establish beyond a reasonable doubt that Walker knowingly or intentionally possessed marijuana, in an aggregate weight of less than thirty grams. I.C. § 35-48-4-11; App.18.

In the context of our criminal law, "marijuana" is:

Any part of the plant genus Cannabis whether growing or not; the seeds thereof; the resin extracted from any part of the plant, including hashish and hash oil; any compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It <u>does not include the mature stalks of the plant; fiber produced from the stalks; oil or cake made from the seeds of the plant; any other compound, manufacture, salt, derivative, mixture, or</u>

---

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

preparation of the mature stalks (except the resin extracted therefrom); or the sterilized seed of the plant which is incapable of germination.

I.C. § 35-48-1-19 (emphasis added.)

When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009).

Walker does not deny that he possessed the scale in question or that a laboratory examination found residue of Tetrahydrocannabinol. Rather, he observes that the State failed to present any evidence that he possessed a measurable amount of marijuana.

The State responds that, at the time Walker was charged, Tetrahydrocannabinol was listed as a controlled substance in Indiana Code section 35-48-2-4.[3] However, Walker was not charged with the possession of a controlled substance, specifically Tetrahydrocannabinol.[4] At the bench trial, the State attempted to establish – without expert or lay testimony – that Tetrahydrocannabinol is in fact THC and that THC is in fact marijuana.

After admission of the laboratory report, the deputy prosecutor asked the trial court to "take judicial notice that marijuana is a controlled substance in the State of Indiana and we'd

[3] This statute has since been re-codified.

[4] We do not suggest that the Prosecutor was required to lodge this particular charge. Prosecutors are vested with broad discretion in the performance of their duties, and such discretion includes deciding whether and when to prosecute. State v. Sagalovsky, 836 N.E.2d 260, 265 (Ind. Ct. App. 2005).

4

also ask the Court to take judicial notice that on the lab report the substance was – the marijuana was under thirty grams." (Tr. 23.) Notably, the deputy prosecutor did not ask the trial court to take judicial notice that Tetrahydrocannabinol is THC or that THC is marijuana.[5] Also, there was no stipulation of fact in this regard.

When the defense objected that the report did not refer to marijuana, the trial court inquired: "Isn't that [what] THC is? Tetr—I don't know, I'm asking, H-cannabinol, THC; isn't that – am I right?" (Tr. 24.) The deputy prosecutor responded "THC is marijuana so the State has proven that the Defendant had marijuana." (Tr. 25.) Accordingly, the trial court invited the deputy prosecutor to provide information to fill in the evidentiary gaps, although she was not a competent witness under oath and would have been precluded from testifying on a contested issue in a case in which she acted as an advocate. Indiana Rule of Professional Conduct 3.7(a). Moreover, even if this deputy prosecutor could have testified, there is no suggestion that she possessed the requisite education, training or experience to qualify as an expert under Indiana Rule of Evidence 702.

The fact-finder was not free to resort to a common understanding of what chemically comprises marijuana when there exists in our criminal code a relevant statute defining marijuana. The definition of marijuana adopted by our Legislature, quoted above, does not include a reference to THC and specifically excludes stalks of a marijuana plant. Although a fact-finder could reasonably conclude that something with THC touched the scale, leaving

---

[5] We do not suggest that this would have been a proper subject for judicial notice. Indeed, the trial court could not have relied upon undisputed facts within her knowledge, as she actively inquired whether tetrahydrocannabinol is marijuana.

residue, the State did not demonstrate that THC is equivalent to marijuana under our criminal code or that the THC was from a portion of a marijuana plant other than stalks. In short, evidence of THC residue on a scale, without more, is not substantial evidence of probative value from which the fact-finder could reasonably conclude that Walker possessed marijuana as charged.

Due process requires that the State must prove every element of the crime charged beyond a reasonable doubt. In re Winship, 397 U.S. 358, 361 (1970). Here, the State failed to prove a material element of Possession of Marijuana within the meaning of Indiana Code sections 35-48-4-11 and 35-48-1-19. Accordingly, there is insufficient evidence to sustain Walker's conviction.

Reversed.

NAJAM, J., and BARNES, J., concur.